Judge Owsley
delivered the opinion of the court.
This is a writ of error to an order and judgment of the county court of Shelby, imposing a fine and treble tax upon Carson, the present plaintiff, for giving into the commissioner of the tax, a false and fraudulent list of his taxable property.
Upon the return of the summons, which issued against Carson, to the county court, he appeared, and after pleading not guilty to the charge, moved the court to cause a jury to be empanneled for the purpose of trying the issue; but the court, supposing a jury to be unnecessary, overruled the motion, and after examining the evidence, rendered judgment in favor of the commonwealth.
Whether or not, therefore, the court decided correctly in refusing to cause the issue to be tried by a jury, is the only question to which our attention need be directed, in the decision of this contest.
Testing the case exclusively by the act of January, 1810, (4 Littell, 161,) we should be inclined to accord with the decision of the county court; for, as by that act, the court is directed, upon the appearance of the defendant and de-fence made, to proceed to inquire into and decide the contest’ instruction thus given to the court, strongly nega-tiv.es the necessity of calling a jury to assist in its determination.
Bot’ as ^ ^1C constitution of this country, the right of trial by jury is held sacred and made inviolable, we should, in deciding upon questions involving such a right, look to that instrument as the paramount rule, and give such an operation to the acts of the legislature, as shall accord with its clear and obvious import.
In deciding upon the present contest, then, it becomes *291 only necessary to enquire, whether or not, the case now be» fere us is of that description, which, by the constitution, the right of trial by jury is guaranteed to defendant.
And, in making this enquiry, it is material, barely, to look into the laws regulating the trial of such cases at the time and previous to the adoption of the constitution. For if before and at that time, those who should be accused of like offences, were, by the existing laws, allowed to have a decision of their case by a jury, any change in the law, by which they may be deprived of that privilege, must, as it is an ¡novation upon the ancient right, be considered an infraction of the clear and dbvious meaning of the constitution.
Looking to those laws, then, we can have no hesitation in deciding that, the defendant in the court below was entitled to a trial of the issue by jury.
By an act of the Virginia legislature of 1786, a fine and treble tax is imposed upon such as may give in a false and fraudulent list of taxable property, and in pointing out the mode of ascertaining the truth of such a charge, the act, expressly, gives to the person accused, the privilege of either having a jury called, or a decision by the court.
That act, it is believed, was never repealed, but continued in full force until the adoption of the constitution, and after being adopted by that instrument, was re-enacted by the legislature of this country at their first session in 1792, (1 Lit. 63,) and continued in force until the act before alluded to in 1810.
Under this state of the law, therefore, at the adoption of the constitution, although the act of 1810 seems to bear a different import, we are of opinion, that, in accordance to the controling influence of the constitution, the supreme and paramount law of the country, the court below ought, at the instance of Carson, to have tried the issue by a jury.
The judgment must, consequently, be reversed with cost, the cause remanded for further proceedings not inconsif-tent with this opinion,