Lister *vs.* Vivian et al.

LISTER *vs.* VIVIAN et al.

1. The records of a court of limited jurisdiction, should discover every fact essential to the validity of its sentences,—therefore,

2. To enable the Supreme court to review a case under the act of eighteen hundred and thirty-three, (Aik. Dig. 253,) where commissioners had been appointed, by a judge of the Circuit court, to settle the estate of a decedent, the judge of the Orphan's court being interested,—the commission issued by the judge of the Circuit court should appear of record.

3. Its existence and legality cannot be supplied by intendment, or by a recital in the minutes of the clerk of the County court, or the report of the commissioners.

4. And the report of two of the commissioners, is not a decree revisable in error, and an execution issued on such a report of commissioners, may be quashed on motion.

Error to the County court of Washington.

Proceedings by commissioners appointed in lieu of the Orphan's court, where the judge was interested. Execution issued against plaintiff in error.

The record recited, that John James, Joseph Black and John H. Owen, were appointed commissioners by "the circuit judge, to settle the estate of the late Charles Vivian, with Joseph D. Lister, esquire, administrator of said estate, and judge of the County court of Washington county." And further, "that at an adjourned term of an Orphan's court, held in and for said county, on the twenty-second day of January, in the year of our Lord, eighteen hundred and thirty-five, by Messrs. John James, Joseph Black and John H. Owen, the two former present

—the latter absent—the aforesaid commissioners examined the charges and statements, and all matters relative to the estate of the late Charles Vivian, deceased, wherein the honorable Josiah D. Lister, administrator thereof, was concerned, and made an estimate, of what to them appeared, from all the evidence before them, to be just; which said report was ordered to be filed."

The report then set forth the amounts and dates of a number of notes, made by different individuals, which, with interest, amounted to more than eight thousand dollars. It also contained a charge for the hire of negroes, which, with interest, amounted to near one thousand dollars. Then follows an affidavit, in these words:

"The State of Alabama, Washington county.

"Personally came before me, William Grimes, clerk of the County court of said county, Messrs. John James and Joseph Black, commissioners appointed by the honorable the judge of the Circuit court, to make settlement of the estate of Charles Vivian, deceased, with Josiah D. Lister, administrator thereof; have examined the said case, to the best of our abilities, and make our report thereupon, as appears on this sheet. Sworn to and subscribed before me, this 22d day of January, A. D. 1835.

"*Wm. Grimes*, Cl'k.                "John James,

                                          "Joseph Black."

This is an abstract of so much of the record, as relates to the appointment of the commissioners, the settlement, and their report. And on this, the clerk of the County court issued an execution for the aggregate sum with which the plaintiff is charged by the settlement. Upon the supposition that the record discovers a final order or decree, a writ of error is prosecuted to this court.

Lister *vs.* Vivian et al.

*Gayle,* for plaintiff in error.
*Porter,* contra.

COLLIER, C. J.—The authority of the commissioners to adjust the administration accounts of the plaintiff, it is said is founded on the order of the judge of the Circuit court, and the right of the judge of the Circuit court to appoint them, is deduced from the first section of the act of eighteen hundred and thirty-three, (Aik. Dig. p. 253, s. 41,) which is as follows:

"In all settlements hereafter to be made by executors, administrators or guardians, with the Orphan's court, in which the judge of said court may have been employed as counsel, or may be otherwise interested in such settlement, it shall be the duty of said judge to give immediate information of the fact to one of the judges of the Supreme or Circuit courts, who shall thereupon issue a commission to three persons of the proper county, directing and empowering them to proceed to make such settlement under the rules and regulations now prescribed by law."

Without pretending to decide whether a *majority* of the commissioners directed by the act to be appointed, are competent, independent of the co-operation of the third, to make a settlement, we are clear that the commission issued by the judge of the Circuit court should appear of record. This commission is a special authority, and the only warrant for the acts of the commissioners. Its existence and legality cannot be supplied by intendment, or by a recital in the minutes of the clerk of the County court, or the report of the commissioners;

8 P.                    48

Lister *vs.* Vivian *et al.*

but the paper itself must appear, that it may be seen whether it furnishes a warrant for the acts done under its authority.    This conclusion is too clear to require further illustration.    It is fully sustained by the rule that requires the records of a court of limited jurisdiction, to disclose every fact essential to the validity of its sentences.

The report does not fix a liability upon the plaintiff, even according to the most unfavorable interpretation of its terms, unless it be for so much as relates to the negro hire.    It may be true, that the plaintiff, as administrator of his intestate, received all the notes mentioned in the report, and yet not be chargeable for their nominal amount in money.    To be personally liable, it should have been shown, either that he had collected or appropriated them to his own use, or else that they were lost by his neglect, &c.

But, apart from all these objections to the proceedings of the commissioners, they afford no warrant for an execution.    The statute which gives an execution on the decrees of the Orphan's court, enacts that "all decrees made by the Orphan's court, on final settlements on the accounts of executors, administrators and guardians, shall have the force and effect of judgments at law, and executions may issue thereon for the collection of the several distributive amounts against such executor, administrator or guardian"—(Aik. Dig. p. 252, s. 37.)

There can be no pretence for saying, that in the case at bar a *decree* was rendered.    There is nothing, as we have already shown, but a very imperfect settlement, reported by two of the commissioners.    The act of eigh-

Lister *vs.* Vivian et al.

teen hundred and thirty-three does not *expressly* authorise the rendition of a decree in such a case, so that it may well be questioned whether the *judge* of a county court, as an executor, administrator or guardian, is authorised to render a decree in his favor, or may be required to render one against himself, (and perhaps it is not clear that the commissioners can consummate their settlement by a decree.) There, then, being no basis for an execution, it issued improperly; and had the judge of the County court *been competent* to entertain jurisdiction, it should have been superseded, and quashed on motion. Yet, notwithstanding the irregularity of the execution, we cannot entertain the case, because there is no such order or decree, as is revisable on error.

We have been thus particular, that a guide may be afforded to ulterior action. It remains but to declare, that the writ of error must be dismissed.