## WOODRUFF v. THE BANK OF THE STATE OF ALABAMA ET AL.

1. When Commissioners appointed by a Judge of the Supreme or Circuit Court to settle an estate in which the Judge of the County Court is interested, act under the appointment, the record of the County Court should set out the commission under which they assume to act.

2. Such Commissioners are invested with all the powers appertaining to the County Judge with reference to the estate committed to their supervision.

3. They are authorized to make a final distribution of the assets among the creditors, and to render a decree for the amount due to each person.

4. When such a decree is made, a short stay of execution may be allowed to give the administrator the opportunity to pay the several creditors, without incurring the costs of an execution.

WRIT of Error to the County Court of Shelby County.

The first matter which appears in this record is a report of certain Commissioners, setting out that they were appointed by the Hon. P. T. Harris, Judge of the Circuit Court for this State, Commissioners to settle and adjust the claims against the estate of George L. Medlock, that they met at Montevallo, on the 9th day of October, 1840, and from the vouchers and assets of the said estate, presented to them by Woodruff, the administrator, they proceeded to execute the duties assigned to them as follows:

The report then sets out the names of the several creditors of the estate whose claims are allowed, stating briefly the nature of the claims, with the amount due thereon for the principal in one column, and for the interest in another.

Among the claims thus allowed are those specified as Bank judgments, but it is not designated what Bank they are in favor of. The aggregate amount of the claims thus allowed is $7,254 75.

The entire amount of assets is stated at $3,241 75, making according to the report, a dividend of forty-four and one fourth per cent. on the claims allowed, and leaving in the hands of the administrator $31 50.

The report then proceeds to set out a statement of the claims disallowed by the Commissioners. It does not appear when this report was returned to the County Court, or whether the Commissioners themselves constituted a special Court under the statute.

At the February term, 1841, the following entry was made :

" This day came into open Court Joseph Woodruff, the administrator of the estate of George L. Medlock, deceased, and made settlement of the estate in the following manner, to wit : By report of Edmund King, John S. Storrs and Samuel Bowden, Commissioners, it appears that the liabilities of said estate amount to $7,254 75, that the assets in the hands of the administrator amount to $3,241 75, making a dividend of forty-four and one-fourth cents on the dollar, and leaving $31 50 in the hands of the administrator—and all other claims rejected, which will more fully appear by the report of the Commissioners marked (A.) which is ordered to be recorded ; and on the application of the administrator it is ordered that he pay all the claims allowed against the said estate in the Clerk's office, on or before the first Monday of March next, if not, execution to issue on each claim for its proportion according to report marked (A.)

The administrator prosecutes his writ of error to reverse those proceedings, and all the creditors whose claims appear as allowed in the report of the Commissioners are made defendants to the suit.

The assignment of error insists that the judgment is erroneous—

1. Because there was no notice given of the time and place of the meeting of the Commissioners.

2. Because the claims allowed were not authenticated.

3. Because the Commissiohers had no authority to settle and adjust the claims.

4. Because they did not receive and examine the claims in the Clerk's office.

5. They did not set forth the sum allowed on each claim.

6. They did not return under oath a list of all claims, &c. laid before them.

7. The decree of final settlement is uncertain.

8. It does not specify in whose favor, nor for what sum, execution may issue.

9. It is not in conformity to the statute.

SHORTRIDGE, for the plaintiff in error.

B. F. PORTER, contra.

GOLDTHWAITE, J.—The proceedings in this case, so far as they relate to the settlement of the estate by Commissioners, most probably had their origin in consequence of some interest which the Judge of the County Court had in the estate to be settled, either as counsel or otherwise. We say most probably, because it is only in such cases that a Judge of the Circuit Court is authorized to issue a commission. Upon the presumption that our supposition is correct, and because these proceedings if in fact had under the statute which will presently be recited, are at present so fatally defective that no judgment can be rendered upon the record. We consider it proper to state what the correct practice under this statute is, and shall then show in what respect this record differs from it.

The statute provides, that in all settlements hereafter to be made by executors, administrators or guardians, with the Orphans Court, in which the Judge of the said Court may have been employed as counsel, or may otherwise be interested in such settlement, it shall be the duty of the said Judge to give immediate information of the fact to one of the Judges of the Supreme or Circuit Court, who shall thereupon issue a commission to three persons of the proper county, directing and empowering them to proceed to make said settlement under the rules and regulations now prescribed by law. Such settlement when made as aforesaid shall be duly recorded by the Clerk of the said Court, and shall have all the force and effect

of settlements made by the Judge of said Orphans' Court.— [Dig. 252, §41, 42.]

In Lister v. Vivian, [8 Porter, 375,] where the construction of the same statute was involved, we held it necessary that the commission issued by the Judge of the Circuit Court should appear of record, it being a special authority, and the only warrant for the acts of the Commissioners; and also that its existence and legality could not be supplied by intendment or inferred from a recital in the minutes of the Clerk or in the report of the Commissioners, but the commission itself should appear, that it might be seen whether it furnished a warrant for the acts done under its authority. .

In proceedings subsequent to and under the commission, the first step proper to be taken is to enter it upon the minutes of the Orphans' Court, and then the Commissioners are at once invested with all the powers and duties of the Judge of the County Court so far as applicable or necessary to a final settlement of the particular estate, and their mode of proceeding with reference to the estate will be precisely the same as that pursued by Judges of the County Court in other cases.

In the case of Lister v. Vivian, it was considered an open question whether such Commissioners can render a final decree, but we are satisfied they have the same powers in this respect as the County Judge, under the acts of 1822 and 1830. [Dig. 252, §34, 37.]   This decree when made ought to ascertain with precision the amount for which a recovery is given in favor of each individual, and this amount should be for the true dividend produced by a distribution of the assets equally to the creditors, unless a distinction is required to be made in favor of some of the preferred debts under the statute, such as funeral expenses, &c.

Upon the rendition of such a decree it might be proper to provide a stay of execution for some short period in order that the administrator should have the opportunity to pay the respective creditors without the costs attendant upon an execution.   On the rendition of such a decree, and when recorded, the Clerk of the County Court would be authorised to issue execution after the expiration of the stay.

It will be seen upon examination of the statement prefixed, that those proceedings do not conform to the opinions now ex-

pressed, as the commission is not set forth on the record, nor is there any decree in point of fact, for the report merely ascertains the debts allowed, the assets and the dividend which, under the report, would be coming to each, but it is entirely deficient in ascertaining who the creditors are that are entitled to judgment, and particularly in omitting to ascertain what Bank is intended as the owner of certain judgments.

The report not being entitled to any consideration as a decree there was no necessity or propriety in suing out a writ of error; the proper remedy to prevent injurious effects from executions is to supersede them when irregularly issued.

The writ of error must be dismissed, and it would be prudent for the Commissioners to amend their report and render a final decree in favor of creditors before the latter seek to sue out execution.