## CAWTHORNE v. WEISINGER

1. A writ of error cannot be prosecuted upon the settlement of an insolvent estate, until a final decree is made, but any creditor who may conceive himself injured by a rejection of his claim, may, by *certiorari* remove the record into the circuit court, and have the question re-considered; and for the improper admission of a claim, the remaining creditors may also seek redress in the same mode.

2. A co-maker of a promissory note is a competent witness to prove a presentment of the note to the executor of a joint maker of the note.

3. The time within which claims can be presented to an executor or administrator, is computed from the date of the grant of letters testamentary, and not from the date of the executor's advertisement.

4. A presentment may be made within eighteen months, though the estate is declared insolvent.

Error to the County Court of Perry.

This was a proceeding before John R. Goree, Isham W. Garrett and John Lockhart, commissioners appointed by a judge of the circuit court to settle the estate of David Yarbrough, the judge of the county court being incompetent to sit from interest. The estate having been previously reported insolvent, the plaintiff presented a note for $5,000, executed by the deceased, for allowance. The claim had been filed in the clerk's office; and to prove a presentment to the executor within eighteen months after the grant of letters testamentary, offered as a witness, James C.

Harrell—the note being executed by him, Howze, Plummer & Co., Henry Y. Howze, W. B. Benson, and the deceased—but the court, on motion of defendant in error, rejected him as' an incompetent witness. The plaintiff also offered to prove a presentment within eighteen months after the advertisement of the executor, which the court refused, and rejected the claim; to which the defendant excepted. From this judgment of the court, this writ is now prosecuted by the creditor against the executor; and assigns for error the rejection of the claim.

Davis, for plaintiff in error, insisted that this was a final decree of the county court, upon which a writ of error would lie. That the co-maker of the note had not such an interest as would disqualify him from being a witness. [1 Philips on Ev. 67; 2 id. 168.]

T. Chilton, *contra*. This is not such a final decree as a writ of error will lie from. No final decree has yet been made in the case. It does not appear that the court was properly constituted. The witness was clearly incompetent, if the court can examine the merits of the case.

ORMOND, J.—In Woodruff v. The State Bank, [4 Ala. 292,] we had occasion to consider the statute under which the commissioners were appointed in this case; and it was then held, that when the commission was entered of record upon the minutes of the county court, they were invested with all the powers conferred by law on the county judge. That they were in effect *quoad* that particular case, the county court. All their proceedings are, therefore, to be tested by the same rules as if performed by the county judge, when their authority to act as such in the particular case is shown upon the record. Such is the fact in this case; and we will, therefore, proceed to inquire, first, whether the action of the court in rejecting the claim was correct; secondly, what remedy has the creditor to correct the erroneous action of the court in a case like the present.

The witness who was offered to prove the presentment of the claim, appears to have been the first maker of a joint note, and was offered by the payee to prove a presentment of the note to the executor of one of the joint makers. It was argued at the

bar, that from the position of the name of the witness on the note, he being the first signer, it was fair to presume that he was the principal, and the other makers his sureties. No such inference can be drawn from that fact merely; but we are of the opinion, that whether the deceased was a surety for the witness or a joint maker of the note, in either event the witness was competent. As joint maker, he would be liable to the payee for the whole, if the claim was not sustained, and to the deceased for contribution if it was sustained. If he was the principal and the deceased a surety merely, his interest would be precisely balanced. If the creditor succeeded, he would be liable to the estate of the deceased, whilst his liability to the creditor was ascertained by the instrument itself. The case of York v. Blott, [5 M. & S. 71,] is expressly in point; and such has been the course of decision in this court.

It may be supposed, that considered as a joint maker of the note, he had an interest in fixing the liability of the deceased; as, otherwise, he might have the whole to pay himself. But although the payee may have lost his right to proceed against the estate of the deceased, by his omission to present the note to the executor within eighteen months after the grant of letters testamentary, if the whole should be recovered against the witness as maker, he would have a right to proceed against the estate of the deceased for contribution; as his right to contribution would arise from the payment of the money, and would not be affected by the omission of the payee to present it in time. This is the principle of the case of McBroom v. The Governor, [6 Porter, 32.]

The court correctly excluded the proof of presentment after the lapse of eighteen months from the grant of letters testamentary, though that period had not elapsed from the date of the executor's advertisement. The time is to be computed from the date of the grant, and is not affected by the date of the advertisement. Thrash v. Sumwalt, [5 Ala. 13,] where it was held, that the direction to the executor to make advertisement was directory only, and that it did not affect or operate upon the statute of non-claim. Nor did the fact that the estate was declared insolvent vary the case, or supersede the necessity of due presentment.

From this examination, it appears that the court erred in the

exclusion of the witness, and the remaining question is, what re-
dress is afforded by law to the creditor?

On the 9th February, 1843, [Clay's Dig. 192, from section 2 to
15,] the Legislature passed an act which, from the comprehen-
siveness of its details, will enable parties to seek the redress they
may be entitled to for an injury in the settlement of an insolvent
estate which, before the passage of that act, was certainly in-
volved in great obscurity. This estate was declared insolvent
before the passage of that act, and must, therefore, be governed
by the law then in existence.

What is the character of the order made in this case? It is
certainly final in its character, as it disposes definitely of the
claim of the creditor. On the other hand, it is only the decision
of the court upon a particular matter in the settlement of an ac-
count in which all the other creditors have an interest. It could
not be tolerated on the one hand, that each creditor should have
the right to his writ of error, and thus split the cause into possi-
bly a hundred fragments. Yet on the other hand, as the deci-
sion upon each particular claim is personal to that particular par-
ty, and as its decision affects the entire settlement by augmenting
or diminishing the share of each of the others, it is highly desira-
ble that some mode should exist by which an improper decision
should be corrected, and the distribution proceed upon correct
principles.

A *mandamus* would be improper, as that writ will not lie to
reverse the judgment of a court of record, and a *certiorari* seems
to be the only proper remedy, as that is said to lie in all cases
where a writ of error cannot be prosecuted. Where a new ju-
risdiction is created by statute, and the court or judge exercising
it, proceeds in a summary method, and not according to the
course of the common law, a *certiorari* is the only proper reme-
dy. [Richlaw v. Commonwealth, 5 Binn, 26; Bull v. Brigham,
5 Mass. 406; Commonwealth v. Ellis, 11 id. 465; Huse v:
Grimes, 2 N. H. 208. And see also 1 Bac. Ab. 558, A.]

We think, therefore, that a writ of error can only be prosecuted
after a final decree upon the insolvent's estate, and that all the
parties to the decree must be parties to the writ. That any
creditor who may conceive himself injured by a rejection of his
claim, may, by *certiorari*, remove the record into the circuit
court, and have the question reconsidered; and for the improper

admission of a claim, the remaining creditor may, also, seek redress in the same mode.

The result of our examination is, that the writ in this case was improperly sued out; and it must, therefore, be dismissed.