## HOOKS & WRIGHT v. BRANCH BANK AT MOBILE.

1. A surety cannot plead that his principal is dead, and due presentment of the claim was not made to his representative. Nor will the omission to present the claim for payment to the representative of the principal in the debt, affect the right of the surety to recover from the estate, if he is compelled to pay the debt.

Error to the Circuit Court of Mobile.

MOTION by the Bank against the plaintiffs in error.

Plea, that the defendants were sureties of one C. Hooks, who has departed this life ; that administration has been granted on his estate, but that the administrator was not notified of the existence of the debt, by which the estate has been discharged from its payment.

To this plea the Bank demurred, and the Court sustained the demurrer, and rendered judgment for the Bank, from which this writ is prosecuted.

J. GAYLE, for plaintiff in error.

Fox, contra.

ORMOND, J.—The exemption from suit, if due presentment of the debt is not made to the representative of an estate, is a privilege appertaining to the estate of the deceased, and those interested in it, and cannot be claimed by any other person liable on the same debt. Nor is the right of one so circumstanced, who may be compelled to pay the debt, to proceed against the estate, at all affected, by the omission of the creditor to present

the claim to the representative of the estate. His right to recover from his principal, arises from the payment of the debt, and is not impaired by the omission of the creditor to make due presentment. This point was expressly ruled in the case of Cawthorne v. Weisinger, 6 Ala. 716, and previously in McBroom v. The Governor, 6 Porter, 32. Let the judgment be affirmed.