STOUT, INGOLDSBY & CO. v. WARD, adm'r.

1. A creditor whose claim is rejected at the final settlement of an insolvent estate, commenced prior to 1843, who is not a party to the final decree, cannot sue out a writ of error—his remedy is by *certiorari* from the Circuit court.

2. *Quere*—whether he is entitled on *certiorari*, to examine errors in the record, when he takes no exception to the action of the court in rejecting his claim.

Error to the Orphans' Court of Pickens.

THIS proceeding is the final settlement of the estate of Thomas D. Reid, as an insolvent estate, by John Ward, the administrator. So much of the proceedings as are necessary for the understanding of the errors assigned, may be thus stated. Administration was granted to Ward on the 21st December, 1841, but there are no recitals in the record shewing that the orphans' court of Pickens county was invested with jurisdiction over the particular estate. On the 7th June 1842, the administrator reported the estate insolvent, but if there was then or at any other time, any adjudication of insolvency upon this report, it is omitted in the transcript.

On the 2d Monday of May, 1842, an order was made requiring the creditors of the estate to be notified by publication, to file their accounts in the clerk's office on or before the 2d Monday of November, then next, at which time and place the assets of the estate, it is recited, would be distributed among the creditors. The settlement was continued by several orders until the 26th May, 1843, at which time there appears an order which recites that the estate had previously been declared insolvent, and that the court had theretofore examined the account of the administrator and caused the same to be stated : whereupon, on the application of the administrator, Hezekiah Edwards and B. F. Franklin were appointed to examine, audit and re-state said accounts, and re-

port the same for confirmation and allowance, at a term of the court to be held on the 2d Monday of June then next. At that term the report of the auditors was received, there being no opposition to it, and the court proceeded to make the final settlement and distribution. The assets were distributed between certain named creditors, and the following entry appears with reference to the claim of the plaintiffs in error. " Ordered and decreed by the court, that the claim for $773 26, filed by Stout, Ingoldsby & Co. be rejected and held for nought, the affidavit by which it is sought to be established, being insufficient."

If any exception was taken by them to this order, it is omitted from the transcript. They sued out their writ of error on the 17th May, 1845, and here assign that the court below erred.

1. In settling the estate as insolvent, when no report of, or adjudication of the insolvency is made to appear.

2. In granting letters of administration, without showing how the court had jurisdiction over the particular estate.

3. Because no inventory of the estate was returned, or appraisement made.

4. In the appointment of auditors to settle the claims, and in confirming their report, when it appears they gave no notice of their sittings.

5. Because the court itself failed to give six months notice, according to law.

J. R. METCALFE, for the plaintiff in error, insisted,

1. That the recitals that the estate was declared insolvent, do not dispense with the necessity for the judgment of the court ascertaining this fact. [Clark v. West, 5 Ala. Rep. 517.]

2. The court being of limited jurisdiction, the circumstances giving jurisdiction should appear. [Talliaferro v. Manning, 3 Ala. Rep. 670 ; Digest, 361, § 22 ; Barker's case, 2 Leigh, 719.]

3. Appraisers are required to be appointed, and the record is entirely silent in this respect. [Digest, 223, § 11, 225, § 26.]

BLISS & BALDWIN, contra.

GOLDTHWAITE, J.—We shall decline to consider some of the questions presented by the assignment of errors, because the writ of error is not the remedy for the plaintiff in the present condition of the cause. It appears his claim was rejected by the court at the final settlement, and therefore he is not a party in any manner to the decree.

In Cawthorne v. Weisinger, 6 Ala. Rep. 714, we held, a writ of error could be prosecuted only by the parties to the decree, and that the remedy of a creditor, whose claim is rejected, is by *certiorari* from the circuit court. To the same effect is Graham v. Abercrombie, 8 Ib. 552, where the same doctrine was held with reference to one claiming a right as distributee. Under the influence of these decisions, the writ of error must be dismissed, and it may not be unimportant to consider if a *certiorari* ever would be of any avail, as no exception was taken by the creditor to the action of the court rejecting his claim.

Writ of error dismissed.