## POWE & SMITH, ADM'RS, v. EXECUTORS OF TYSON.

1. A surety who pays a debt for his principal, six months after his estate has been declared insolvent, may file his claim against the estate, within six months afterwards, if final settlement has not been made, although the creditor had not filed the claim against the estate.

Error to the Orphans' Court of Wilcox.

SELLERS, for plaintiff in error.

JOHNSON, contra.

1. This claim could not have been filed by these parties within six months after the declaration of insolvency; because it did not accrue to them until they had paid it, and if

it was filed within six months after its accrual to them, it is clearly within the spirit and equity of the statute to allow it. The contract of a principal to a note, or other obligation, is of a twofold character. With the creditor he engages to perform his contract, and with his sureties by implication, that he will indemnify them against any loss they may sustain on his account. Both engagements are equally obligatory, but they cannot accrue at the same time—and that of the surety not until the time arrives when he shall have paid the money for his liability to the creditor. From this moment his cause of action accrues, and he has eighteen months within which to enforce it against the estate of his principal.— McBroom et al. v. The Governor, &c. 6 Porter, 43; Cawthorn v. Weissinger, 6 Ala. 716; Hooks & Wright v. Branch Bank at Mobile, 8 Ala. 580; Neil v. Cunningham's Ex'rs, 2 Porter, 171; 4 Day's Rep. 476, on a statute of Connecticut similar to our own.

2. The right of the surety to proceed against the estate of his principal for contribution, arises from the payment of the money. And this right is not affected by the omission of the payee to present it in time. 6 Porter, 43; 6 Ala. 716; 8 Ala. 580. Therefore the demurrer to the plea, that the claim had not filed within six months after the declaration of insolvency, was properly sustained by the court.

DARGAN, J.—Upon the final settlement of the estate of A. K. Smith, which had been duly declared insolvent, Wm. Harris and John B. Twitty, executors of Tyson, presented a claim against the estate for money paid by them as executors, to the Branch Bank at Mobile, on a note to which their testator was the security of Smith, the intestate. To this claim the plaintiff in error objected, because it had not been filed with the clerk of the county court, within six months after the estate was declared insolvent. The proof shows, that Tyson was the security of Smith, and the defendants in error, as the executors of Tyson, paid the debt to the bank, after the six months had elapsed; subsequent to the time the estate of Smith was declared insolvent, and therefore they had no cause of action against the representatives of Smith, until after the six months expired. It did not appear

that the bank had presented the claim to the administrators of Smith, or had filed it in the clerk's office, within six months after the estate was insolvent. The orphans' court allowed the claim against the estate, and to reverse the decree this writ of error is brought.

The only question presented is, whether the orphans' court, on the final settlement of an insolvent estate, should allow a claim which had not been filed with the clerk, in the manner prescribed by the act of 1843, because it did not accrue to the plaintiff until after the expiration of six months from the time the estate was declared insolvent.

The language of the act, is, that every person having any claim against an insolvent estate, shall file the same in the clerk's office, within six months after the estate is declared insolvent, and every such claim shall be verified by the oath of the claimant, &c. Clay's Dig. 194, § 10.

It is very clear, that the debt due to the bank by the estate of Smith, was barred under this statute and in their hands, it should have been rejected; for it was a claim, or debt then owing. But the executors of Tyson, had no claim, or demand on the administrators of Smith, until they paid the debt—*then,* but not until then, *did the debt accrue to them.* But it is contended, that as the claim was barred in favor of the bank, because it was not filed in the clerk's office, within the time prescribed, it cannot be revived by the claimant's paying it afterwards; because, if a debt is barred by the statute of limitations, as to both principal and security, and the security pay it, he shall not have the right to demand and recover the amount of the principal; for his payment was voluntary. But it must be observed, that there is a marked distinction between the case at bar, and the case supposed. The executors of Tyson were under a legal obligation to pay the debt to the bank, notwithstanding it had not been filed in the clerk's office against the estate of Smith; and although legally bound to pay it, they could not be considered the creditors of Smith, or as having any claim against his estate, until they paid the debt.

It seems to me, that the statute was intended to operate on those who had claims or demands against an insolvent estate; hence the language of the statute, every person having

any claim, &c., shall file the same within six months. Can this statute operate on one *who has neither claim*, or *demand*, that a court of law could enforce? We see that one may have neither claim, or demand, against an estate, within six months after it is declared insolvent, yet a claim may accrue to him afterwards, and before the final settlement, by his merely complying with the legal obligations he had assumed. If we hold that his claim is barred, we should hold that a right was taken away by the statute, before that right came into *esse*. We cannot believe that the legislature intended this act to have such effect. It is silent in reference to claims that come into existence after the expiration of the six months; at least nothing is expressly said in reference to them. It speaks of persons having claims—the claim therefore must exist before the statute can operate on it, for no one can have a claim that does not exist.

We come therefore to the conclusion, that if a claim comes into existence, six months after the estate is decreed insolvent, yet it is not to be rejected if filed with the clerk before the final settlement is made, and within six months from the time that it vested in the claimant, or that it came into existence as a claim. We intend, however, to confine our remarks to such claims, or demands, as may result to one from the legal obligation, or condition of things existing between the claimant and the intestate, at the time of his death, and which accrue to the claimant by the observance of those obligations on his part, or a failure to observe them on the part of the intestate. A claim thus coming into life, in favor of one, cannot be barred by the statute before its existence, but becomes subject to the operation of the statute as soon as it does exist.

By these rules, the claim ought not to have been rejected. The executors of Tyson were under a legal obligation to pay a debt of the intestate. They had no claim against his estate until they complied with that obligation—the estate had been declared insolvent six months before they paid the debt, but they filed their claim with the clerk in the manner prescribed by the act, before the final settlement of the estate was made, and within six months from the time they paid

the debt, and therefore within six months from the time they had a claim. The orphans' court properly allowed it, and the decree is therefore affirmed.