## EVANS, Adm'r, vs. EVANS.

1. The omission of the holder of a promissory note to present it to the personal representative of the deceased principal, within eighteen months after grant of letters of administration, will not release one co-surety from contribution to another; who has subsequently paid the debt.

Error to the Circuit Court of Wilcox. Tried before the Hon. Nathan Cook.

ASSUMPSIT by defendant against plaintiff in error as administrator of Thomas Evans, deceased. In 1839, Harris S. Evans as principal, and the defendant in error and Thomas Evans, deceased, as his sureties, executed a note to one Coley for upwards of $1100, on which suit was brought and judgment rendered, at the fall term 1839 of Wilcox Circuit Court, against the defendant in error alone, the other parties to it having in the meantime died. Coley filed his claim against the estate of the principal in the note, which was disallowed by the Orphans' Court of said county in 1845. No presentation of the demand was ever made to the personal representative of the plaintiff in error. On the first of May 1846, the defendant in error compromised the amount due on the judgment with Coley, by paying him $1600, and on the 11th day of the same month instituted this suit for contribution. Upon this state of facts, the court was requested to charge the jury that the plaintiff was not entitled to recover, which charge the court refused to give; whereupon the defendant excepted, and now assigns it as error.

BETHEA & BECK, for plaintiff in error.

SELLERS, for the defendant.

COLLIER, C. J.—It is not shown by the transcript that judgment was rendered upon the demurrers interposed in the Circuit Court. True, there are notes made (apparently) by the clerk, in which it is stated that the demurrers were overruled, but these are not noticed in the judgment entry and cannot be considered here, although they may have authorised a modification of the entry *nunc pro tunc*, had a motion been made for that purpose in the court below. We would, however, remark that we have looked into the pleadings, and are strongly inclined to think that the defendant has not been prejudiced by the decision upon the demurrers against him.

In McBroom et al. v. The Governor, &c., 6 Port. Rep. 32, it is conceded to be a general rule that the extinction of the liability of the principal debtor is also the extinction of the liability of the surety; but it is added, that an exception obtains, when this extinction is caused by operation of law. It was further said, that if a loss results from the delay of the creditor to present his claim to the representative of the principal debtor, where the latter has died, this neglect cannot destroy the obligation of the surety, any more than in any other case where the loss is the consequence of the delay of the creditor. No case, it is believed, can be found, in which it has been held that mere passiveness will discharge the surety. So it has been held, that a surety cannot plead that his principal is dead, and due presentment of the claim was not made to his representative. Nor will the omission to present the claim for payment to the representative of the principal in the debt affect the right of the surety to recover from his estate, if he is compelled to pay it. Hooks & Wright v. The Br. Bank at Mobile, 8 Ala. Rep. 580.

Where a demand against the estate of a deceased person is not presented within eighteen months after the grant of letters testamentary or of administration, if it did not accrue until after the expiration of that period, it will not be barred by the statute until the expiration of eighteen months from the time of its accrual. Neil v. Cunningham's Ex'rs. 2 Port. Rep. 171; see also Cawthorne v. Weisinger, 6 Ala. Rep. 714; Powe & Smith v. Tyson's Ex'rs, 15 Ala. Rep. 221.

The previous decisions of this court, which we have cited, we think are decisive of the present case. The presentation of the claim by the creditor, and its disallowance by the Orphans' Court, does not make them inapplicable. Such a proceedure, whether the decision of the Orphans' Court was correct or not, could have no effect upon the plaintiff's liability to the creditor. The creditor was not bound to present it, and its rejection left him, as it respects the sureties, with all his legal rights unimpaired. These, we have seen, entitled him to recover of either or both the sureties, and the plaintiff, having discharged the judgment against him, may coerce contribution of the defendant. The insolvency and distribution of the estate of the principal, previous to the payment of the debt by the plaintiff, are unimportant; for until it was paid, the plaintiff had no cause of action against the estate of his principal or the defendant, and the present action appears to have been instituted within eleven days after that time.

It remains but to add that the judgment is affirmed.