## FIELD *vs.* MILLY WALKER ET ALS.

1. A person of color in this state is presumed to be a slave.
2. An issue of freedom *vel non* cannot be tried on habeas corpus sued out at the instance of one, who is held and claimed as a slave.

Certiorari to the Judge of the County Court of Tuscaloosa.

This was a proceeding by habeas corpus, sued out at the instance of the defendants in error. The facts sufficiently appear in the opinion of the Court.

ORMOND and WALLACE, for the plaintiff in error :—The question of freedom cannot be tried in this state upon a writ of habeas corpus sued out by a colored person, held in bondage or claimed as a slave. In such case the proceeding must be by petition in the mode provided by the statute.—Clay's Dig. 462-542, § 19 ; 3 Blacks. Com. 130-'1-'2; Lewis v. Fullerton, 1 Rand. 15; Dudley's Geo. Rep. 42-46 ; Thornton v. Demoss, 5 Smedes & M. 609; Susan v. Wells, 3 Brev. 11; De Lacey v. Antoine, 7 Leigh, 438.

PECK and J. L. MARTIN, for defendants.

CHILTON, J.—The view we take of this case renders it unnecessary to express any opinion upon the important and delicate questions presented by the record, and so elaborately and ably argued by the counsel, involving the construction of that provision in the Federal Constitution and the law of Congress of 1793, made in conformity therewith, respecting slaves, or persons bound to service, or held to labor in one state and escaping into another.

The question which according to our view renders further inquiry unnecessary, is, can the defendants, who claim to be free persons of color, and who assert they are unlawfully held in custody as slaves, try the question of freedom *vel non*, by a resort to the writ of *habeas corpus*. After the most mature investigation which we have been able to give the subject, we have arrived at the conclusion that they cannot ; and that the proceedings in the case show that this issue was the one to be tried before the judge below.

Field v. Milly Walker et als.

The petition for the writ sets forth that the petitioners are free persons of color and were then confined in the common jail of Tuscaloosa county, and claimed to be the slaves of the plaintiff in error. The return of the officer who holds them in custody shows that he detains them as the slaves of Field, under an order of commitment by three justices of the peace, and it further appears that Field by his counsel appeared before the county judge, who issued the writ, and demanded the petitioners, claiming them as his slaves. It is then manifest that the issue, and the only issue, to be tried before the judge upon this writ, was whether the petitioners were free persons of color, or were slaves. Let us then proceed to enquire into the power of the judge to try this issue.

In the first place, the statute of this state expressly declares that "any slave in this state claiming his freedom, shall proceed by petition in the Circuit Court," &c., and provides that the master or owner, if in possession of such slave, shall enter into bond with approved security, conditioned that the slave shall be forthcoming and subject to the order of said court, as well as to abide the judgment to be rendered.—Clay's Dig. p. 542, § 19. In this mode a trial is had by a jury who determine the question of property upon an issue to be made up between the parties, as is shown by the record of a recovery of their freedom by a portion of these petitioners, against Jones, which is exhibited with their petition in this case. In such proceeding the parties respectively are afforded an opportunity of taking testimony by depositions, as well as by the examination of witnesses in court, whereas in a proceeding by *habeas corpus* no jury is allowed, and no provision is made for taking the testimony of witnesses who may be absent from the state; so that if the witnesses reside abroad and refuse to attend the trial, the owner would have no means of establishing his right by the production of his evidence. These considerations are at least persuasive to show that the legislature never contemplated that the master's right to his slaves should be tried by this summary proceeding. Had such been the design of the framers of the *habeas corpus* act, they would doubtless have provided the parties with the means for availing themselves of the proof by deposition. The fact, however, that the manner in which the question of freedom shall be tried at the suit of

those claimed and held as slaves is specifically pointed out by the statute, is sufficient of itself to show the legislative construction that the question could not be tried upon the writ of *habeas corpus*. The issue of *libera vel non* is a question of fact tendered by the pleadings in this case. It involves the right which the plaintiff in error claims to the petitioners as his property. In our opinion the constitution of this state, which declares that the right of trial by jury shall remain inviolate, guaranties to the master in such case the right to have a jury pass upon his claim, and we apprehend the legislature could no more divest him of his right to his slave by the fiat of a single individual, than of his freehold. If he can be deprived of the right of trial by jury in respect of the legal claim to his slave, the same principle might deprive the citizen of jury trial in respect to all property. But this would be a clear violation of the right of jury trial, as recognised by the common law, by *magna charta*, and by the fundamental law of all the states in the Union. See, upon this point, Lewis v. Garrett, 5 How. Miss. Rep. 434; Woodward v. Mayo, 4 ib. 389 ; Livingston v. The Mayor of of New York, 8 Wend. Rep. 85-102; 3 Story's Com. on the Cons. p. 645; Parsons v. Bedford, 3 Peters' Rep. 447; 1 Mar. Rep. 290; Boram v. The Commonwealth, 1 Dana's Rep. 331; The State v. Allen, 2 McCord's Rep. 55.

We do not desire to be understood as holding that free persons of color are not entitled to this writ. It lies for the discharge of every freeman who is unlawfully restrained of his liberty. All we intend to affirm is, that a person of color held in bondage as a slave in this state is presumed to be a slave: That the law has provided the manner in which that presumption may be removed, and the question of freedom determined. So that if upon the trial of the writ of *habeas corpus* the question whether the petitioner is not a slave be really involved, it is the duty of the judge to remand the petitioner and to dismiss the writ. The presumption arising from color, coupled with the sworn return to the writ of *habeas corpus* by the party holding them in custody, that they are held and claimed as slaves, is sufficient to oust the court of its jurisdiction, since an issue is tendered which the judge upon this summary proceeding is incompetent to try. The writ of *habeas corpus* was never used to try questions of title to chattels, and in providing

free persons of color with a remedy for establishing their freedom, the legislature have furnished unmistakable evidence that they did not design to afford to slaves a pretext for procuring even a temporary exemption from the service of their owners. We hence conclude, from the nature of the institution of slavery, from the design of the writ of *habeas corpus*, and from the legislation of the state, that the person asserting his title as owner cannot be compelled to submit to this summary jurisdiction, but is entitled to have his rights adjudicated according to the statute providing for such cases.

We think our conclusion is sufficiently sustained by the reasoning adduced, but we are not without authority of courts of high respectability in confirmation of it.—In De Lacy v. Antoine, 7 Leigh's Rep. 438, the Court of Appeals of Virginia held that if it appeared upon the return of the writ that the applicant was a person of color, and there seemed to be a real ground for litigation between the applicant and the person claiming him as a slave, the court would not determine the question of freedom on the writ of *habeas corpus*, but the applicant will be permitted to bring his suit for freedom as the statute prescribes, *in forma pauperis*. But, it was said, if there seems to be no real litigation as to the right of freedom, the court may discharge the applicant on his writ without putting him to his suit.—In Thornton v. Demoss, 5 Smedes & Mar. Rep. 609-619, the court say, "In all civil proceedings negroes are regarded by our law as property, and the owner or claimant cannot be deprived of his right or claim except by the verdict of a jury." After refering to the remedy provided by the statutes of Mississippi for the trial of the question of freedom, the chief justice proceeds to say that this remedy, so provided, is the only one he can pursue : That negroes, although for some purposes regarded as persons, are generally regarded as property and excepted out of the general legislation in regard to persons, unless specially included: "That the color is *prima facie* evidence of liability to servitude. It is *prima facie* evidence of property in some one, and as a specific remedy is provided for removing the presumption, that remedy necessarily excludes every other, and must be strictly pursued."—See also, upon this point, Susan v. David Wells, 3 Brev. Rep. 11; *ex parte*, Ball, 2 Gratt. Rep. 588; Jackson v. Martin, 12 Wend. Rep.

311; *ex parte*, Davis, 18 Verm. Rep.—as to trying questions of title to property upon the writ of *habeas corpus.*

The view above taken is decisive of the case in this court, and renders it improper for us to express any opinion as to the effect of the recovery by the petitioners of their freedom, as against Jones, coupled with his possession of them for a length of time sufficient, if he held adversely, to bar the right of Field, the plaintiff in error, as against him. These are facts proper for the consideration of a jury, under the direction of the court, upon an issue involving the question of freedom, but as they appear in the record before us, they do not warrant the judge in discharging the petitioners, since we have shown he is incapable for want of jurisdiction to try the issue to which they are applicable.

The court are unanimous in the conclusion, that the Judge of the County Court should not have entertained jurisdiction of the writ to try whether the petitioners are slaves or are entitled to their freedom, but should have remanded the slaves, and have dismissed the *habeas corpus.* The proceedings had before him are therefore reversed, and the proper order will be here entered, dismissing the writ.