Mr. Justice Scott delivered the opinion of the Court. This case is within the principle enforced in the case of Burton's ad'm. v. Lockhart's Ex'r., (4 Eng. Rep. 416.} The statute of non-claim, like the statute of limitations, does not operate to extinguish the claim but simply to bar the remedy. Indeed the two statutes differ in language more than in substance. In one instance the bar arises on a failure to sue, in the other on a failure to present. In the case at bar, the right to recover from the principal arose from the payment of the debt, and is not unpaid by the ommission of the creditor to make due presentment to the representative of the deceased principal debtor. This point was expressly ruled in Alabama in the case of Cawthorn v. Weisinger, (6 Ala. Rep. 716.) See also Hook & Wright v. Branch Bank at Mobile, 8 Ala. 580; and in Missouri, in the case of Miller v. Woodward et al. ad’m., (8 Mo. Rep. 169.) And the same is intimated by Sharkey, C. J., in the case of Cohea et al. v. Cosa, &c., (7 Sm. & Mar. R. at p. 442,) upon statutes of non-claim full as strong as our own. The appellant having presented his claim within two years after a cause of action accrued in his favor as between him and the representative of the estate, it ought to have been allowed. Let the judgment be reversed, and the cause be remanded.