## Ex parte BOYNTON.

[CERTIORARI FROM SUPREME COURT TO PROBATE COURT, AND SUPERSEDEAS TO
SUSPEND AND SUPERSEDE PROCEEDINGS IN SAID COURT.]

1. *Certiorari; when proper remedy.—Certiorari* is a proper remedy to re-
move, for revision, a cause from the probate to the appellate court,
where the order, decree, or proceeding, complained of, is claimed to
be void.
2. *Same; what should be done in primary court before applying for.*—A mo-
tion to set aside the void action ought, however, to be first made in the
primary court.
3. *Same; when resort may be had directly to supreme court.*—If such action
occurs in a court from which an appeal may be taken to this court, or
before a judge or court equal in authority and jurisdiction to any other
inferior judicial tribunal, resort may be had directly to this court for
the exercise of its powers of general superintendence and control of
inferior jurisdiction.—(PECK, C. J., *dissenting.*)

This was a motion to dismiss the *certiorari*, and to quash
the *supersedeas* issued in this case. The facts upon which
the motion is based, fully appear in the opinion.

ALEX. WHITE, *pro motion.*
PETTUS & DAWSON, *contra.*

B. F. SAFFOLD, J.—The petitioner, W. N. Boynton,
alleges, that being the executor of the will of Alanson
Saltmarsh, deceased, he was removed from his office by an
order of the probate court, rendered on the 17th day of
August, 1869, which time was not a day of any regular
term to which said case was adjourned; that afterwards, on
the 15th of September, 1869, he moved the said probate
court to vacate and set aside the order removing him, which
motion was heard and refused on the 10th day of Novem-
ber, 1869.

Upon affidavit stating these facts, he applied for and
obtained, in vacation, a *certiorari* to bring the proceedings
in the cause directly into this court for revision, and a su-

persedeas to suspend further action in the probate court until the final determination of this court in the matter, and he asks for such relief as is in the power of this court to render. The motion to dismiss is upon the ground, that the remedy of the applicant was either by appeal to this court, or by *certiorari* returnable to the circuit court.

An appeal to this court from the order removing him, would have been an appropriate remedy for the petitioner, if the order had been irregular and simply erroneous. But the objection taken to it is, that it is void. An appeal from it, therefore, would probably, under late precedents of this court, have been dismissed at his costs.—*Hays v. Cockrell*, 41 Ala. 75; *Garrison v. Burden*, 40 Ala. 513.

The action now sought of this court is a revision of the proceedings of the probate court. For this purpose, the proviso to the second section of article 6 of the constitution gives authority for the issuance of the necessary writ. It is said that application must be first made to the circuit court. Why so? The jurisdiction of the probate court in respect to the grant of letters testamentary and of administration is original, general and unlimited.—Const. of Ala. art. 6, § 9; *Gray's Adm'r v. Cruise*, 36 Ala. 559. The circuit court can have no greater jurisdiction. Besides, all of the statutes providing for appeals from the probate court, give them concurrently to either the circuit or supreme court. I construe the discretion thus allowed to be that of the party appealing. The case of *Ex parte Burnett*, (30 Ala. 461,) was one in which the prisoner applied directly to this court for the writ of *habeas corpus*, which had been denied him by the probate judge. The court said : "So far as judicial functions were invoked in this case, neither a chancellor nor a circuit judge had larger powers than the judge of probate. We know of no principle of law which requires the petitioner, after failing in his application to the judge of probate, to go for redress to either of those judicial officers, or the courts over which they preside, before coming to this court and asking our superintendence and control of that inferior jurisdiction."

*Ex parte Henderson*, (June term, 1869,) is antagonistic to this decision, but it is based upon authorities which do not

sustain the proposition, that this court can not by *certiorari* take jurisdiction of this case. *Ex parte Simonton* (9 Por.) was a case of application to the supreme court in the first instance for a writ of *habeas corpus*. Collier, C. J., said: "To bring the case within the qualifying terms of the proviso, (Const. art. 7; § 2,) it should be shown that some court or judge invested with authority to act, had undertaken to decide upon the case." *John v. The State*, (1 Ala.) and *Ex parte Tarleton*, (2 Ala.,) were cases before courts from which no appeals were provided. In *Ex parte Russell*, (29 Ala.) the prohibition sought was in a matter about which the jurisdiction of the probate court was limited. In *Ex parte Floyd*, (39 Ala.,) application was made for an order to the clerk of the circuit court superseding a writ of restitution in a case of unlawful detainer. The court said it could not require the clerk to correct any error into which he may have fallen, nor could it, by direct action, correct such error. The case of *Field v. Milly Walker*, (17 Ala. 80,) was brought up by *certiorari* to the judge of the county court, and was a proceeding by *habeas corpus* before him.

The principle running through all of these cases is, that if the proceedings complained of occur in a court from which an appeal may be taken to this court, or before a judge or court equal in authority and jurisdiction to any other inferior judicial tribunal, resort may be had directly to this court for the exercise of its powers of general superintendence and control of inferior jurisdiction.

The proceedings preliminary to a resort to this court for relief prescribed in *Ex parte Croom*, (19 Ala. 561,) have been exactly complied with in this case. Application has been made to the probate court to set aside the order removing the executor, and has been refused. The facts upon which the petition invokes action are set out in writing, to-wit, the transcript from the records of the court, and are certified to by the judge. I admit that we may refuse to hear this case on the ground that the necessity is not indispensable, as there may be a resort to the circuit court. If the order complained of is void, as it is claimed to be, the course taken by the applicant is regular and free from *laches*. Grave consequences to the parties interested

are involved. All subsequent proceedings in the probate court, or in other courts, respecting the estate, and the rights of other parties in relation to it, may hereafter be held to be nugatory. If we send the parties to the circuit court, delay will be occasioned, costs will be incurred, and tedious litigation entailed upon them. The necessity for revising the proceedings of this inferior jurisdiction is little short of imperative, and the authority to do so is given both by statute and the constitution.

The supersedeas granted is not intended to have any greater effect than to stay the proceedings pending in the probate court, just where they are now, until the further order of this court in the matter.

The motion to dismiss the *certiorari* and to quash the supersedeas is overruled.

PECK, C. J., *(dissenting.)*—During the recent vacation, on the application and petition of Wm. N. Boynton, to one of the judges of this court, a writ of *certiorari* was ordered to be issued by the clerk of this court, directed to the probate court of the county of Dallas, commanding the judge of said probate court to send, certified, to this court, a complete transcript of certain proceedings said to have been had in said probate court.

Upon looking into said petition, it is seen that these proceedings consist of an order of said court removing said petitioner, as executor of the last will and testament of Alanson Saltmarsh, deceased, late of said county, and the appointment of an administrator *de bonis non*, with the said will annexed, making an order requiring petitioner to file his accounts and vouchers for a final settlement, and an order of said court, on the petition and application of said Wm. N. Boynton, refusing to set aside said orders and proceedings, and to vacate the same, and to restore said petitioner to his office of executor of the said last will and testament of said Alanson Saltmarsh, deceased. With said writ of *certiorari*, a writ of *supersedeas* was prayed for and issued, to suspend and supersede the proceedings of said probate court in the premises, until a hearing and the further order of this court in this matter.

A motion is now made in this court to dismiss said writ of *certiorari*, and to quash the *supersedeas*, upon the grounds that this court had no jurisdiction to issue a writ of *certiorari* in such a case. 2d. That there is an adequate remedy, by appeal, to revise and reverse an order of the probate court, removing an executor or administrator from his office as such executor or administrator.

2. Section 2 of article 6 of the constitution of this State declares, that "except in cases otherwise directed in the constitution, the supreme court shall have appellate jurisdiction only, which shall be co-extensive with the State, *under such restrictions and regulations*, not repugnant to this constitution, as may, from time to time, be prescribed by law; *Provided*, that said court shall have power to issue writs of injunction, *mandamus, habeas corpus, quo-warranto*, and such other remedial and original writs as may be necessary to give it a general superintendence and control of inferior jurisdictions."

Section 5 of the same article ordains, that "the circuit court shall have original jurisdiction, in all matters civil and criminal within the State, not otherwise excepted in the constitution; but in civil cases only, when the matter or sum in controversy exceeds fifty dollars."

Section 747 of the Revised Code provides, that "the circuit judges have authority to grant writs of *certiorari, supersedeas, quo-warranto, mandamus*, and all other remedial and original writs, which are grantable by judges at the common law."

Section 602 of said Code provides, that "the judges of the supreme court have, each of them, authority to issue writs of *certiorari*, injunction, and *supersedeas*, subject to the limitations prescribed by this Code, as judges of the circuit courts are authorized to grant the same."

This, clearly, does not mean that the judges of the supreme court may issue writs of *certiorari*, in all cases where such writs may be issued by judges of the circuit courts. It only means that the judges of the supreme court, in proper cases, may issue such writs in the same way or manner that the judges of the circuit courts issue like writs.

18

The judges of the supreme court have no jurisdiction to issue writs of *certiorari*, to review the proceedings of inferior criminal courts. That can only be done by the circuit courts, or the judges thereof.—*John (a slave) v. The State*, 1 Ala. 95. If they can not issue such writs, to review the proceedings of such courts in criminal cases, upon what principle can they issue such writs, to review the proceedings or these courts in civil cases? Certainly, there is no reason of necessity; for the judges of the circuit courts have undoubted jurisdiction to issue writs of *certiorari* in all proper cases, to review the proceedings of all inferior courts, whether civil or criminal; they issue these writs in all cases where they are grantable by judges at the common law.

But this court, by the second section of the constitution above referred to, except in cases otherwise directed in the constitution, exercises appellate jurisdiction only, *under such restrictions and regulations*, not repugnant to the constitution, as may, from time to time, be prescribed by law.

In cases like the one we are considering, (judgments and orders of the probate courts removing executors and administrators,) the law has prescribed how, in what way, and within what time, such judgments and orders may be revised and reviewed in this court.

Now, this being so, can they be revised in this court in any other way? I readily admit, that the writ of *certiorari* is a way, often times, of removing proceedings from an inferior to a superior court for revision, but it is not an appeal, although it may operate in the nature of an appeal.

A *certiorari* is a writ that may be, and usually is resorted to, to revise the proceedings of inferior courts, where no express mode is provided, to remove their proceedings to an appellate tribunal.—*John (a slave) v. The State, supra*, page 96.

If the petitioner is without fault, in not taking an appeal in this case, for the reasons disclosed in his petition, he is not without remedy, unless this court interposes for his relief. The circuit courts have a clear jurisdiction in the

premises, and are not hedged in by any constitutional restrictions, in the free exercise of their jurisdiction.

This court can not issue this writ, under the proviso to the said second section of the constitution, because its object is not to give this court a superintendence and control over an inferior jurisdiction, but its object is to revise and review an order and judgment of an inferior court. But if that were its object, the necessity contemplated by the constitution does not exist, as there are other judges and courts that can issue the writ; and, consequently, there is no necessity for the interposition of this court.—*Ex parte Henderson*, decided at the last June term of this court; *The Simontons, ex parte*, 9 Por. 383; and *Ex parte Russell*, 29 Ala. 717.

I have examined with much care the decisions of this court, and have been able to find no case where this court has issued a writ of *certiorari*, in a case at all analogous to this, unless the case of *Field v. Milly Walker et al.*, (17 Ala. 80,) be such a case; but I doubt whether that is such a case. I know the reporter states, at the beginning of the said case, as reported, that it is a "*certiorari* to the judge of the county court of Tuskaloosa," but the case nowhere states it was a *certiorari* issued by this court; it may, for aught that appears, have been issued by the circuit court, and so, have reached this court by appeal or writ of error; besides, I have examined the said case, as it appears on the docket of this court, (the clerk not being able to find the transcript itself,) and it is there stated thus: " The matter of the petition of Milly Walker *et al.*, for a *habeas corpus*."

If it was a *certiorari*, issued by this court directly to the county court of Tuskaloosa, it is an isolated case, and the question as to the propriety of its being so issued does not seem to have been made or considered by this court. In my examination, I have found many analogous cases where the writ of *certiorari* was issued by the circuit courts, and in those cases it is said the remedy is by *certiorari* from the circuit courts.

In the case of *Fowler v. Trewhit*, (10 Ala. 622,) it is decided that a refusal of the orphans court to entertain a

petition for a share in the distribution of an estate, can not be redressed by a writ of error; that the remedy is by *certiorari* in the circuit court.

So, in the case of *Stout, Ingolsby & Co. v. Ward, Adm'r,* (10 Ala. 628,) it is held that a creditor, whose claim is rejected on a final settlement of an insolvent estate, who is not a party to the final decree, can not sue out a writ of error; that his remedy is by *certiorari* from the circuit court.

In the case of *Cawthorne v. Weisinger,* (6 Ala. 714,) it is ruled, that a writ of error can not be prosecuted, upon the settlement of an insolvent estate, until a final decree is made; but any creditor who may conceive himself injured by a rejection of his claim, may, by *certiorari,* remove the record into the circuit court, and have the question reconsidered; and for the improper admission of a claim, the remaining creditors may also seek redress in the same way.

These are only a portion of the cases to be found in our reports, more or less analogous to the question now under consideration, which, I think, satisfactorily show that the writ of *certiorari,* to revise and review the orders, judgments and proceedings in inferior courts, can properly only be issued by the circut courts, or the judges of said courts. But, without absolutely deciding this question, I do not feel at liberty to assume and exercise a doubtful jurisdiction, where there is no pressing necessity for it, and where there are other judges and courts that have a clear and undoubted jurisdiction in the premises.

For these reasons, I feel constrained to dissent from the decision of this court just announced, and, in my opinion, the *certiorari* ought to be dismissed and the writ of *supersedeas* quashed.