HILL *vs* BRIDGES.

1. A writ of error will not lie to revise the judgment of the court of commissioners of roads and revenue, in relation to a refusal to lay out a road; although—

2. Cases may arise, in which an improper action of that court, if an injury was about to result to an individual, might be controlled by the court of Chancery.

Writ of error to the Circuit court of Wilcox.

At a term of the Commissioners' court, began and held for the county of Wilcox, at the court-house thereof, on the first Monday in February, eighteen hundred and thirty-six, the petition of sundry citizens of said county was received, praying for the opening of a public road from the court-house in said county, to the Alabama river, at Hill's Bluff, on the land of the plaintiff in error; which said petition having been heard, an order was made, appointing a jury to view and mark out said road, and that they should report at the May term next thereafter, to the court. An overseer was also appointed for the road, &c.

And at the May term of the same year, of said court, the jury appointed to view and mark out a road, leading from Wilcox court-house to the east bank of the Alabama river, at Hill's Landing, reported that they had viewed and marked out the same, according to the order of the court. To the confirmation of this report, the defendant in error interposed objections.—Whereupon, it seemed to the court, that the order appointing the jury, passed at the February term, had passed inadvertently, and that the court had transcended its jurisdiction in making the order on which the report was founded.

And at the Spring term of the Circuit court, of the same year, of said county, plaintiff in error sued out a writ of error, returnable to that court, and also a writ of *certiorari,* for the removal of the proceedings into that court, and upon the hearing of the cause the defendant moved to dismiss the writ of error, on the ground, that none would lie in this case—which motion was continued to the next term; and it being suggested to the court, that there was a diminution of the record of the proceedings of the court below, it was, on motion, ordered that a *certiorari* issue to the clerk to certify a more complete record, &c.

And at the Fall term of the Circuit court, of the same year, the plaintiff came and said, that in the record and proceedings of said cause, as well as in giving the judgment, there was manifest error, in this, to wit, that by the record in said cause, it would appear that the report of a jury, appointed to lay out a road was set aside, at the May term of said court, although said road had been laid out by the jury, and an overseer had been appointed; and in this, to wit, that the court set aside the report of said jury, without appointing another jury to lay out the road; and in this, to wit, that said court, at May term, reviewed the grounds on which it had ordered said road to be laid out, and rejected the report, because it deemed the ground for making the order, insufficient, and thus virtually set aside its own determination; and also, in this, to wit, that it appeared by the record, that the court refused receiving said report, on grounds having no relation to the report, and permitted the receiving of the report to be opposed, by the defendant in error, who was not a party to the case, and was not particularly prejudiced by the establishment of the road.   And therefore the plaintiff prayed, that the judgment of the court of Commissioners, of May last, might be reversed, and that he might be restored to all things which he had lost by occasion of said judgment, &c.

And the defendant in error then moved the court to dismiss the writ of error from the County court, in the case, on the ground, that no writ of error would lie—which motion being argued, and understood by the court, it seemed to the court, that the motion ought to be sustained.   It was therefore considered by the court, that the writ of error should be dismissed, and that the defendant should recover of the plaintiff his costs, &c.—for which execution might issue.

To reverse this judgment, there was a writ of error to this court; and plaintiff now moved to reverse the judgment of the Circuit court, and assigned the following grounds of error.

1. The Circuit court erred in dismissing the writ of error from the Commissioners' court.

2. The Circuit court should have reversed the judgment of the Commissioners' court, on the errors assigned.

*Peck & Clark* for plaintiff in error.

GOLDTHWAITE, J.—The material question presented by the record, in this case, is, whether a writ of error will lie, to revise the judgment of the court of commissioners of the roads and revenue, in relation to a refusal to lay out a road.

The discretion reposed in that court, is of so peculiar a nature, in relation to their jurisdiction over roads, and many other matters, that it is difficult to perceive for what reason it could be supposed, that this or any other court is invested with power to revise its judgments.

In acting on such subjects, many matters must necessarily influence the judgment of the commissioners, which can never be brought to the notice of a revising tribunal—such, for instance, as the local description of the ground over which it is to pass—the number and ability of those who live near the contem-

plated road, to keep it in repair—and the necessity for such a communication to be opened between the several points to be connected. The legislature, in committing this species of local legislation to a tribunal, emanating immediately from the people of the county, can not be supposed to have intended their discretion to be subject to revision.

Cases may arise, in which an improper action by the court of commissioners, might be controlled by a court of chancery, if injury was about to result to an individual; but such cases are clearly distinguishable from the present.

There was no error in the judgment of the Circuit court, dismissing the writ of error—and it is affirmed.