## BARNETT et als. v. THE STATE, ex rel.

1. A judge of the circuit court, has the power to grant a writ of *certiorari*, returnable to said court, to correct the errors of the commissioners' court of roads and revenue, in altering and changing a public road, and to take cognizance thereof.

2. The record, of a court of limited jurisdiction, must contain every fact, essential to the validity of its judgments, and when, in the record of proceedings of the commissioners' court of roads and revenue, in altering and changing a public road, it does not appear, that thirty days' notice of the application had been given, a decree, altering and changing such road, is erroneous, and is properly quashed.

Error to the Circuit Court of Montgomery.    Before the Hon. George Goldthwaite.

THIS was a proceeding by *certiorari*, sued out at the instance of the State of Alabama *ex rel*. Dr. Francis L. Gilmer, to correct the errors of the commissioners' court of roads and revenue of Montgomery county, in its action on an application of Thomas M. Barnett et als., to alter and change a pub-

# 830

lic road.   A transcript of the proceedings of the commission-
ers' court, is appended to the petition for the *certiorari*, and
is found in the record.   There is nothing in the transcript of
the proceedings of said court, to show that thirty days' notice
was given of the application for the change of the road.   The
circuit court quashed the order for the alteration and change
of the road ; and the action of said court in the premises, is
now assigned as error.

MAYS, for plaintiffs in error.

1. The jurisdiction of the court of roads and revenue, at-
tached as soon as the petition for a change of road was pre-
sented.   6 Porter, 268, 219.

2. Jurisdiction appearing, the maxim, *omnia presumuntur
rite acta esse,* applies.   4 Phil. Ev. C. & H.'s Notes, 1014,
and cases there cited.

3. After jurisdiction appeared, the circuit court ought not
to have quashed, for any subsequent irregularity on the
face of the proceedings ; nor ought the court to have exam-
ined the proceeding further, than to have ascertained, if the
inferior court kept within its jurisdiction.   2 Hill, 14; 19
Wendell, 342.

4. Our statutes and laws, do not contemplate that any
court in Alabama, should supervise the proceedings of the
court of roads and revenue.   6 Porter, 199 ; 11 Ala. 247.

5. The circuit judge should not have granted the writ of
*certiorari* in this case, because the public convenience was
opposed to it.   15 Wendell, 206 ; 2 Term R. 234 ; 1 Coxe,
318.

6. The circuit court should not have granted it without
notice.   6 Mass. 72 ; 12 Wendell, 292.

7. The writ should not have been granted by the circuit
judge at chambers.   9 Wend. 433 ; 5 ib. 98 ; 6 Mass. 72.

8. The circuit court judge should not have granted the
writ for defects in the form of the orders.   4 Mass. 565.

9. He should not have granted it, because the act com-
plained of was not judicial.   2 Hill, 21 ; Bac. Ab. *Certiorari,*
B ; Caldwell's Cases, 309.

10. If the writ improvidently issued, this court should

quash it, and thus render the judgment which the circuit court ought to have rendered. 15 Wend. 203, 211.

T. & J. WILLIAMS, contra.

1. The circuit court was correct in quashing the proceedings of the commissioners' court of roads and revenue, in establishing the change in the road in controversy, known as the Montgomery road : 1. Because it does not appear from the record, that the persons, petitioning for said change in said road, gave the thirty days' notice of the intended application, &c. Clay's Dig. 507, § 3, proviso. 2. Or that the jury of review, who marked out the change in said road were sworn, as the law requires; or that they were householders. See particularly § 4, Clay's Dig. 507; Lester v. Vivian et al. 7 Por. 375. 3. Because the jury marked out the road (as shown by the record) totally different from the change proposed by the petitioners, in their petition to commissioners' court.

2. Where the proceedings of an inferior court are different from the common law, and no mode of revision is given by the statute, a *certiorari* will lie to correct any error which may have occurred. Com. v. Ellis, 11 Mass. 466 ; Ex parte Tarleton, 2 Ala. 35; Williamson v. Cornan, 1 Gill & Johns. 196, and authorities there cited ; 5 Binn. R. 27.

CHILTON, J.—The precise points raised by the record before us, viz., whether the proceedings of the court of roads and revenue could be revised upon *certiorari*, upon the application of a party injured thereby, as also, whether it was necessary for the record affirmatively to show, that the notice required to be given by the statute (Clay's Dig. 507, § 3) had been given, were decided by this court at the last term, in the case of the Commissioners of Roads and Revenue v. Thompson, and ruled adversely to the plaintiffs in error.

We have re-examined that case, as well as the authorities referred to by the counsel for the plaintiff in error in this, and have come to the conclusion, that the principles of law are there correctly laid down. The case before us, must be affirmed, upon authority of that. Judgment accordingly.