# COMMISSIONERS' COURT OF RUSSELL *vs.* TARVER.

1. When the proceedings of the Commissioners' Court in the establishment of a road are removed by *certiorari* into the Circuit Court, and the commissioners brought *in invitum* before that tribunal, no costs are recoverable against them on a reversal of their judgment; but if they take an appeal from the Circuit to the Supreme Court, and give security for the costs as provided by the Code (§ 3041), they are responsible for the costs of the appeal if the judgment of the Circuit Court is affirmed.

2. An error in the imposition of costs, being amendable in the primary court, will be amended in the Supreme Court at the cost of the appellant.

3. The record of the Commissioners' Court must affirmatively show the jurisdiction of the court over the proposed road; a designation by number of the section, township and range through which the road runs, is not sufficient to show that it is within the county.

APPEAL from the Circuit Court of Russell. Tried before the Hon. ROBERT DOUGHERTY.

THE appellee sued out a *certiorari* to remove into the Circuit Court certain proceedings had before the Commissioners' Court in the establishment of a road, which is described in the report of the jury as "commencing on the old Federal road, running through section 28, township 16, and range 29, through lands belonging to Sterling Bass and Turner Moreland, thence through Wm. D. Tarver's, commencing at the south-east corner of section 20, 16, 29, and running near a north line to said Bass' plantation." The Circuit Court reversed the proceedings of the Commissioners' Court, and rendered a judgment for costs against the commissioners, from which they have appealed to this court.

BÉLSER & RICE, for the appellant.

BAKER & LEWIS, *contra*.

CHILTON, C. J.—The Commissioners' Court of Roads and Revenue represent the public in the matter of their jurisdiction over roads, &c., and are supposed to have no personal interest, other than as members of the community, in the establishment of public and private ways. If any member of that court has a peculiar, personal interest, such member would be disqualified from taking part in the deliberations of the court in establishing such way. Representing the public alone, it is not proper that costs should be adjudged against them when brought to a revising tribunal *in invitum*. The Circuit Court should not, therefore, have awarded costs against the commissioners.

This, however, is a matter which is amendable, and the amendment would doubtless have been made by the court below, if the matter had been brought to the notice of the court. In such case, it is proper to make the amendment in this court, and not to reverse the judgment on account of it.

Aside from the matter of costs, the judgment of the Circuit Court was right. There is no evidence to show that the Commissioners' Court of Russell had any jurisdiction over the way proposed to be established ; because the proceedings

no where show that the proposed way lies even in the State of Alabama. We may concede that the court will judicially take notice of the public government surveys; but there are many government surveys in which may be found "section 28, township 16, in range 29 ;" and without a more definite description, the court cannot judicially know which is intended. We have already decided, that nothing will be intended in favor of the jurisdiction of this court, and that everything necessary to sustain its jurisdiction must appear on the face of the record. It is manifest that, without the aid of intendment, the jurisdiction in this case is not made to appear.— See Commissioners' Court of Talladega v. Thompson, 15 Ala. 134; 18 ib. 694. It results, that the judgment of the Circuit Court must be corrected, so as to give no costs, and must be here affirmed.

We have considered the question of costs in this court, and are satisfied that, under the provisions of the Code, the appellants should properly be taxed with it. They were not brought here, as into the Circuit Court, unwillingly, but are themselves the actors, or appellants, having given bond securing the costs of the appeal, as provided by section 3041 of the Code, from which there is no statute exempting them.— The rights of the applicants for the way were not at all compromited by the decision, as they could have renewed their application; and if the commissioners were unwilling to repose upon the decision of the Circuit Court, and desired to make themselves parties as actors to revise and reverse the decision, there is no hardship in the rule requiring them to be responsible for the costs.

Let the judgment be corrected as above indicated, and affirmed, at the costs of the appellants.