## MAYOR, ALDERMEN, &c., OF MOBILE vs. BARTON.

[APPEAL FROM FINE IMPOSED BY MAYOR'S COURT.]

1. *Mobile, ordinance* 292 *of ; to what has no reference.*—Ordinance No. 292 of the city of Mobile, against disorderly conduct, has no reference to a simple trespass upon a vacant lot, though committed in an attempt to assert an adverse right to the property.

2. *Same; appeal from conviction for violating, fine subject to revision.* Where a city ordinance prescribes a fine for its violation of not exceeding a specified amount, and the trial of an appeal in the circuit court from a conviction before the mayor for its violation is *de novo*, the amount of the fine imposed is subject to revision as any other issue in the case.

3. *Quere*—Whether in such a case, the acquittal of the accused in the circuit court subjects the city to a judgment for costs.

APPEAL from Circuit Court of Mobile.
Tried before Hon. JOHN ELLIOTT.

The facts are fully stated in the opinion.

RAPHAEL SEMMES, with whom was O. J. SEMMES, for appellants.—1. The charge of the court to the jury, that the statute of the State (§ 3556 of the Code,) which makes it a misdemeanor for one, without legal cause, or good excuse, to enter on the premises of another, after having been warned within six months preceding not to do so, had no bearing on the case, or anything to do with it, may be quite correct, and yet the charge was calculated to mislead the jury, and probably did mislead it. The appellee was not being tried for the misdemeanor provided for in that statute, and the statute was only referred to by the pleader to describe and characterize the conduct of the appellee as being disorderly and riotous, and calculated to lead to a breach of the peace. But it did not follow, that because the statute referred to had nothing to do with the case, the appellee was not guilty of the breach of the city ordinance charged against him; and yet the jury probably so con-

Mayor, Aldermen, &c. of Mobile v. Barton.

cluded, from the charge of the judge. But whether the charge was erroneous in this respect, or otherwise, it was clearly erroneous in assuming that the *intent* of the appellee had anything to do with the offense. The judge charged, that however much the conduct of the appellee may have provoked the other party, or been calculated to produce a breach of the peace; and however much such conduct, "taken in connection with similar acts done by the defendant, about the same time, in reference to other vacant lots to which there were different claimants, may have been calculated to produce disturbances and fighting in the community," the offense was not made out unless the defendant *intended* "to produce such results."

In misdemeanors, it is not necessary to show any *intent*, unless the intent be a necessary ingredient in the offense charged; as in a larceny, for instance, where the taking and carrying away must be shown to be felonious. The *intent* with which the act of the appellee was done, did not make the act more or less disorderly, or more or less riotous.

An offense against a statute of the State may, at the same time, be a violation of a city ordinance; and hence, if the appellee was guilty of the disorderly conduct charged, he was not the less guilty, because guilty of a misdemeanor under the statute of the State, for which he was not being tried.

C. W. RAPIER, on same side.—The court below improperly refused the charge asked. When the mayor imposes a fine within the limits prescribed by the charter and ordinances, if the facts authorize the imposition of any fine, then the fine becomes a debt, and the amount can not be enlarged or diminished by a jury, the law having left the question of amount to the discretion of the mayor alone. See the Charter and Ordinances of Mobile; also, 27 Ala. 55.

If an appeal be taken from the mayor's court, the trial in the appellate court is *de novo* as to the facts only. If it be not shown as a fact that the ordinance has been violated, then the accused is to be discharged. But if the

accused has offended in fact, then the penalty is already fixed by the judgment of the mayor, as much as it would be if the corporation charter had not left the amount to the discretion of the mayor, but had itself fixed a specified amount, as ten or twenty dollars.

CHILTON & THORINGTON, and MORGAN, BRAGG & THORINGTON, *contra.*—Under the proof in this case, it is clear that appellee was not guilty of violating the ordinance of the city of Mobile entitled, "an ordinance to prohibit vagrancy, quarreling, riotous, immoral and disorderly conduct." That ordinance is leveled against "fighting, quarreling, or any riotous, indecent, or blasphemous language, or disorderly conduct, in the streets, houses, or anywhere else in the city, or of abusing, provoking or disturbing, either by word or action, any person in, or walking in any street, road, or public way;" and the ordinance further provides, that if any person shall violate any of its provisions, he shall "suffer such penalty as the mayor may impose, not exceeding fifty dollars."

The mayor and aldermen of Mobile had no jurisdiction to convict of this misdemeanor, created by section 3556 of the Revised Code, but the Code vests it in the county, circuit or city courts.—See §§ 3931–33. The court, therefore, properly charged that section 3556 of the Code had nothing to do with the case.

The rest of the charge was more favorable for the plaintiffs than the law warrants, and certainly the appellants should not be heard to complain of it. It simply asserts that if a man enter upon a vacant uninclosed lot *honestly*, without any improper motive, and erects a fence upon it *peaceably and without violence*, after being warned within six months preceding not to enter, he is not guilty of a breach of the ordinance of the city; but if he did so from spite, or for the purpose of provoking another, or with a view of creating a disturbance, or to produce a breach of the peace, then he might be found guilty, &c. We repeat, this charge is more favorable to appellants than the law warrants.

The third part of the charge is substantially the same as the second. It simply affirms that if a man honestly enter upon a vacant and unimproved lot, though warned within six months preceding not to do so, and erect a fence upon it, but with no intention of provoking a disturbance or breach of the peace, he is not guilty.

We think it too clear to admit of any doubt, that neither the ordinance nor the statute was intended to prevent a person taking peaceable possession, in good faith, of vacant property claimed by him, or those he represents. This would be a very strange law.

The charge refused limited the jury to a fine of fifty dollars, as found by the mayor. The case was on an appeal from the mayor, and the jury would have the same discretion as to the fine that the mayor had, that is, "not exceeding fifty dollars." If limited to the mayor's fine, they were bound by his decision in all other respects, which would be equivalent to no appeal at all. The case was to be tried *de novo*, and this charge was properly refused.

B. F. SAFFOLD, J.—The appellee was tried before the mayor of Mobile, and fined fifty dollars for an alleged violation of a city ordinance. He appealed to the circuit court, and there, upon a re-hearing of the cause, he was acquitted of the charge, and a judgment was rendered against the appellants for the costs of the proceeding. From this judgment they appeal.

The ordinance referred to forbids fighting and quarreling, or any riotous, indecent or blasphemous language, or disorderly conduct, in the streets, houses, or anywhere else in the city, or abusing, provoking or disturbing, by word or action, any person in, or walking in, any street, road, or public way, under a penalty not exceeding fifty dollars, to be imposed by the mayor.

The evidence shows that the appellee, Barton, employed several persons to put a fence around a vacant lot in the city of Mobile which belonged to Eaton. They were ordered off by Eaton, but presently returned, after a confer-

ence with Barton, whereupon Eaton had them arrested for disorderly conduct. They were released through the instrumentality of Barton, and by his direction returned to their work. After two or three repetitions of this, Eaton procured the arrest of Barton on the same charge, upon which he was tried before the mayor. No personal altercation occurred between Eaton and Barton, and there was no breach of the peace by any of the parties. But the persistence of Barton in sending the men back to the premises to continue the work upon the fence greatly irritated Eaton, and was calculated to do so. Barton claimed to be acting as the agent of persons living in Mississippi, who, he said, asserted some right to the lot, but none was attempted to be shown.

The court charged the jury, in substance, that section 3556 of the Revised Code, which forbids the intrusion of any person on the premises of another within six months after having been warned not to do so, had no connection with this case; that the peaceable entrance of a person on a vacant lot with the simple intention of putting a fence upon it, though he had been warned not to do so by one claiming the lot, was not a violation of the city ordinance, no matter how much it irritated the claimant, or was calculated to produce a breach of the peace, unless his action was dictated by spite, or the intention of provoking another, or creating a disturbance, or producing a breach of the peace ; that such entrance upon a vacant lot for the purpose mentioned could not be regarded as riotous conduct, however much such acts, taken in connection with similar acts done by the defendant about the same time in reference to other vacant lots to which there were different claimants, may have been calculated to produce disturbance and fighting in the community, unless the defendant by such acts intended to produce such results. The plaintiffs excepted to this charge, and asked the court to charge that if the jury should find for the plaintiffs, the measure of their verdict should be the amount of the fine imposed by the mayor. But this was refused, to which exception was taken.

We find no error in the charge of the court. Disorderly conduct, in the sense of the ordinance, is virtually explained by the other portions with which it is connected. It has reference to some unwarrantable aggression upon or towards other persons, of an insulting character, accompanied with more or less of noisy demonstration. Obstructing the side-walk with goods would produce great annoyance to those passing, and, perhaps, cause actual injury to some of them, and it might lead to a breach of the peace. But this would be disorderly conduct only when accompanied with an evil design.

Barton's trespass upon the vacant lot (it was no more than that,) was not an affront to Eaton's person, nor an injury to his property. The ground of his objection was the repudiation of his right to the property. For this the law gave him an adequate remedy. His anger was therefore unreasonable, and Barton should not be held to account for it.

The charter of the city of Mobile, approved February 2d, 1866, directs, in section 91, that the mayor, or other officer acting in his stead, shall issue his process, as a justice of the peace for the city of Mobile, for a breach of any of the by-laws or ordinances of the corporation to any police officer of the corporation, who shall bring the offenders before the mayor or other officer for trial. The accused, if convicted, may appeal to the circuit or city court of Mobile, where the proceedings shall be as prescribed by law in other cases of appeal. The trial in the appellate court is therefore to be *de novo* on all of the issues, including the amount of the fine. The ordinance allows a margin of discretion to proportion the fine to the character of the offense, and the exercise of this discretion may be the ground of the appeal. There was therefore no error in refusing the charge asked by appellant, that "if tthe jury should find for the plaintiffs, then the measure of their verdict would be the amount of the fine which was imposed by the mayor."

No issue has been made about the propriety of the judg-

ment for costs against the city, and we make no decision respecting it. But I am inclined to the opinion that it is not liable for costs in a case of this sort. The mayor sits as the judge of an inferior court of a judicial division of the State, and performs his duties in the interest of the peace and good order of society. Wisdom and necessity concur in the delegation of a limited legislative power to a populous city, for the more prompt, energetic, and just exercise of the functions of government. Why should the people of such a community be held responsible for the errors in judgment of its judges, more than those of other communities in the State?—*Withers v. Posey*, 36 Ala. 252; *Com'rs Court of Russell v. Tarver*, 25 Ala. 480.

The judgment is affirmed.