# Brazeel *v.* Commissioner's Court of Blount County.

*Certiorari to Review Stock Law Election.*

(Decided Dec. 17, 1907. Rehearing denied May 14, 1908. 46 South. 584.)

1. *Animals; Stock Law; Elections; Qualifications of Signers.*—Under section 2 of the General Acts of 1903, page 432, those owning land bona fide within the precinct, though not residents thereof, are qualified signers of a petition calling for such election; although under section 5 of said act, none but qualified voters residing within the precinct may vote in such an election

2. *Same; Order for Election; Sufficiency.*—Under section 3 of the General Acts of 1903, the requirement that some favoring and some opposed to the stock law shall be upon the board of managers, is merely directory, and the failure of the order calling the election to recite the fact that some of the managers are for and some against the stock law, is not jurisdictional, especially where there was nothing to show that any opposed the petition at the time of the appointment of the manager.

APPEAL from Blount Circuit Court.

Heard before Hon. JOHN W. INZER.

Petition for certiorari by D. H. Brazeel to review the action of the commisioners' court of Blount county in ordering an election under the stock law. From the judgment rendered, petitioner appeals. Affirmed.

[Brazeel v. Commissioner's Court of Blount County.]

BILBRO & STEELE, for appellant. Petitioner had such an interest as authorized certiorari to issue at his instance.—*Commissoiners' Court v. Johnson,* 145 Ala. 533. Every jurisdictional fact must be ascertained and stated to give validity to proceedings of this character.—*Flowers v. Grant,* 129 Ala. 275; *Mayfield v. Commissioners,* 41 South. 932; *Brooks v. John,* 119 Ala. 412; *Stanfield v. Comm. Court,* 80 Ala. 287.

WARD & WEAVER, for appellee. Petitioner was not entitled to the writ, and the court properly annulled it.— *Cresswell, et al. v. Green County,* 24 Ala. 282; *Farnell v. Dallas County,* 34 Ala. 278; 4 Ency. P. & P. 166.

ANDERSON, J.—Gen. Acts 1903, p. 432, § 2, in prescribing the qualification of signers to a petition for an election under said act, does not require that the petitioners be resident freeholders of the precinct. They must be bona fide freeholders owning a freehold estate situated in the precinct, but need not reside therein; and the petition and order comply with the statute as to jurisdictional questions. It is true that, under section 5, none but qualified electors can vote, and, if not residents of the precinct, they would not be qualified and could not vote at the election, though owning land in the precinct. The purpose of the law seems to be to give bona fide freeholders, ex vi termini, those owning land, in good faith, situated within the precinct, whether residents thereof or not, the right to apply for relief thereunder, but to make the relief sought dependent upon the will of a majority of the electors voting at said election.

It is insisted that the order is void for failing to show that those in favor of and those opposed were represented on the board of managers, as provided by section 3 of the act. This is merely directory, and the failure of the

order to recite this fact was not the omission of a juris-
dictional averment. The law contemplates a fair elec-
tion, and suggests the propriety of allowing both sides to
be represented; but conditions might be such that none
opposed the relief sought, or, if they did, they were not
known when the managers were selected. It would be
an anomaly to hold that the property owners could not
get relief because there was no one opposed, and, there-
fore, no legal election could be held. Moreover, there is
nothing in the record to indicate that any one opposed
the petition before and up to the appointment of the
managers. True, there were votes against; but the rec-
ord discloses the development of no opposition up to the
time the managers were selected.

The judgment of the circuit court is affirmed.

Tyson, C. J., and Haralson, Simpson, Denson, and
McClellan, JJ., concur in the result. Tyson, C. J.,
and McClellan, J., concur in the construction given the
statute in the opinion, but do not think that common-
law certiorari is appropriate to review the action of the
commissioners' court, upon the theory that their acts
were ministerial, and not judicial.