# Commissioner's Court of DeKalb County *v.* Wilborn.

### *Certiorari to Review Order Establishing Stock Law.*

#### (Decided May 21, 1908. 46 South. 585.)

1. *Appeal and Error; Insufficiency of Bond; How Cured.*—Although an insufficient bond was filed on appeal, if pending a motion to dismiss the appeal, a proper appeal bond is filed, this cures the omission and is an answer to the motion to dismiss.

2. *Appeal and Error; Parties to; Court of County Commissioners.*— Where the action of the court of county commissioners of a county in establishing a stock law district is carried to the circuit court by certiorari, and their action annulled and avoided, an appeal to this court from such an order is properly prosecuted by and in the name of the court of county commissioners.

3. *Animals; Stock Law; Election; Sufficiency of Petition.*—Where one petition recited that the undersigned being a majority of the bona fide freeholders in Beat 9, D. county, Alabama, who own a freehold estate in said beat, and being citizens of said beat, petition you to grant an order, etc., and another similar petition is filed signed by the "citizens of Ft. Payne, Ala., and bona fide freeholders in precinct 9 of D. County, Alabama," the original petition was sufficient to authorize an election in precinct No. 9 for that purpose, it being immaterial whether Ft. Payne, which is an incorporated town, is situated in said precinct or not, since such an election only affects that part of the territory outside of an incorporated city or town.

APPEAL from DeKalb Circuit Court.

Heard before Hon. W. W. HARALSON.

Petition by S. S. Wilborn against the court of county commissioners of DeKalb county for certiorari to review the action of said court in establishing a stock law district. From a judgment declaring the establishment of said stock law district null and void, the court of county commissioners appeal. Reversed and rendered.

The petitioner described himself as a resident citizen and freeholder of beat 9, in DeKalb county, owning a freehold estate in said beat and owning stock in said beat, and prays that the acts and doings of the commissioners' court in reference to the establishment of a

stock law district in beat 9, DeKalb county, be sent up to the circuit court for review, alleging that the city of Ft. Payne is an incorporated city or town constituting a part of said beat 9 in DeKalb county, Ala., and that the petition and order was fatally defective and insufficient to invoke the jurisdiction of the court of county commissioners, etc. In response to the writ which was issued, the following return is made: That on the 2d day of January, 1907, the following petition was duly filed in the probate court: "To the Honorable Commissioners' court of DeKalb county, Ala.: We, the undersigned, being a majority of the bona fide freeholders in beat 9, DeKalb county, Ala., who own a freehold estate in said beat and being citizens of said beat, petition you to grant an order for an election to ascertain whether or not a majority of the qualified electors of said precinct desire or favor a law prohibiting the running at large of stock in said precinct 9, DeKalb county, Ala." Signed by a number of persons. And the following petition was also filed, towit: "We, the undersigned, citizens of Ft. Payne, Ala., and bona fide freeholders in precinct 9 of DeKalb county, Ala., owning a freehold estate in such precinct and desiring an election in said precinct to ascertain whether or not a majority of the qualified electors of said precinct desire or favor a law prohibiting the running at large of stock in said precinct, hereby petition your honorable body to call an election to be held in said precinct to determine whether or not a majority of the qualified electors of said precinct desire or favor a law prohibiting the running at large of such stock in said precinct." Signed by a number of citizens. Thereupon the commissioners' court entered the proper order calling an election on the 11th day of February, 1907, on a joinder of both petitions, and all the proceedings thereafter were properly certified in response to the cer-

13 C

[Commissioner's Court of DeKalb County v. Wilborn.]

tiorari. The court overruled a motion to quash the writ, and entered an order annulling the acts and doings of the commissioners' court.

HOWARD & HUNT, for appellant. The commissioners' court was the proper party appellant.—*Talladega County v. Thompson,* 15 Ala. 137; *Lowndes County v. Bowie,* 34 Ala. 463; *Stanfield v. Dallas County,* 80 Ala. 287; *Blount County v. Johnson,* 145 Ala. 554; *Caudle v. Talladega County,* 144 Ala. 503; *Blakey v. Blakey,* 33 Ala. 611; *Clemens v. Patterson,* 38 Ala. 721. The bond given was properly conditioned.—*Weisinger v. Crook,* 7 Ala. 710; *Riddle v. Hanna,* 25 Ala. 484. Only the returns to the writ of certiorari can be considered.—*Ex parte Madison Turnpike Co.,* 66 Ala. 93; *McAnally v. Horton,* 75 Ala. 491. The court takes judicial notice that Ft. Payne is an incorporated town, but will not take judicial notice of the fact that it is situated in precinct No. 9. —16 Cyc. 859; 7 Ency. of Evi. 974; 7 Mass. 9; 19 Ind. 401; 34 Ind. 405; 86 Mo. 492.

GOODHUE & BLACKWOOD, for appellee. The bond will not support the appeal.—*Mayfield v. Comm. Ct.,* 41 South. 933; *Barnett v. The State,* 34 Ala. 260; *Hinson v. Presser,* 27 Ala. 643. The court of county commissioners is not the proper party to take the appeal.— *Hunt v. Houtz,* 62 Ala. 36; *Independent Pub. Co. v. Am. Press Assn.,* 102 Ala. 475. The subjects sought to be reviewed must be shown by bill of exceptions.—Sec. 2826, Code 1896; 6 Cyc. 840. The court's judgment is proper. —*Miller v. Jones,* 80 Ala. 95; Acts 1903, p. 431.

DOWDELL, J.—Since the taking of the appeal in this case a proper appeal bond has been executed. This answers the motion made to dismiss the appeal for want

[Commissioner's Court of DeKalb County v. Wilborn.]

of sufficient bond. The appeal is properly prosecuted by and in the name of the court of county commissioners. —*Commissioners' Court of Talladega v. Thompson,* 15 Ala. 137; *Commissioners' Court of Lowndes County v. Bowie,* 34 Ala. 463; *Stanfill v. Court of County Revenue of Dallas Co.,* 80 Ala. 287; *Commissioners' Court of Blount County v. Johnson,* 145 Ala. 554, 39 South. 910; *Caudle v. Commissioners' Court of Talladega,* 144 Ala. 502, 39 South. 307.

The purpose of the certiorari is to review the proceedings had in the commissioners' court as they appear of record in that court, and to that end the writ of certiorari directs that the proceedings had in that court be certified to the circuit court, to which latter court the writ is made returnable. It is on the face of the return so certified to the circuit court in response to the writ that the cause is heard and determined. On the face of the proceedings had in the commissioners' court as shown by the return, under the authority of *Brazeel v. Commissioners' Court of Blount Co., post* 196, 46 South. 584, the petition for the holding of a stock law election in the case before us contained the essential jurisdictional averments under the statute.

The petition was for the holding of an election in precinct No. 9 of DeKalb county, and whether Ft. Payne, an incorporated town, is situated in said precinct can be of no consequence, since the act in question provides that the act shall not apply to incorporated towns and cities, and, of consequence, the holding of such election and its results cannot affect the incorporated town or city, and only affects that part of the territory of the precinct without such town or city.

It appearing on the face of the return to the writ that the court of county commissioners possessed jurisdiction, and its orders subsequent to jurisdiction acquired

being in all respects regular, the writ of certiorari should have been quashed. It follows that the judgment of the circuit court, sustaining the writ and quashing the proceedings of the commissioners' court, must be reversed and one will be here rendered quashing the writ.

Reversed and rendered.

TYSON, C. J., and ANDERSON and McCLELLAN, JJ., concur.