# Cushman *v.* Commissioner's Court of Blount County.

## *Certiorari to Review Stock Law Election.*

(Decided April 15, 1909. 49 South. 311.)

1. *Certiorari; Grounds; Jurisdiction.*—The proper application of common law certiorari is to review and annul proceedings that are absolutely void, and hence common law certiorari will not lie to review proceedings in a Commissioner's Court, relative to a stock law election where such proceedings were had in compliance with the statute.

2. *Nature of Proceedings.*—At common law certiorari was an original writ issuing out of chancery or the King's Bench commanding agents or officers of inferior courts to send up a record of the proceedings in order to give the party sure and speedy justice.

APPEAL from Blount Circuit Court.

Heard before Hon. JOHN W. INZER.

Certiorari by N. C. Cushman against the Court of County Commissioners of Blount County. From a judgment quashing the writ, petitioner appeals. Affirmed.

The petition leading up to the election sought to be quashed and annulled by the certiorari is as follows: "State of Alabama, Blount County. Commissioner's Court. We, the undersigned, bona fide freeholders, owning a freehold estate in Oneonta precinct, but outside of the incorporated town of Oneonta, petition the court of county commissioners of said county and state that we desire an election in such precinct to ascertain whether or not a majority of the qualified electors in said precinct desire or favor a law prohibiting the running at large of stock in said precinct." Then follow the number of names. The court finds in its order that the petition contains a majority of the bona fide freeholders, outside of the incorporated limits of the town of Oneonta, who own a freehold estate in such precinct, and proceeds to order an election to be held at a certain time and place, appointing managers, clerks, and returning officers. The court then proceeds to ascertain all the jurisdictional facts, and to declare the giving of proper notice, a proper canvass of the vote, and the establishment of the district as a stock-law district.

T. B. RUSSELL, for appellant.—The court of county commissioners did not acquire jurisdiction and all the proceedings and orders were, therefore, void.—Acts 1903, p. 432; *Flowers v. Grant,* 129 Ala. 275. The court of county commissioners is without authority to order an election in a portion of a precinct.—*Blount County v. Johnson,* 39 South, 910; *Phillips v. Bynum,* 39 South. 911.

WARD & WEAVER, for appellant.—Cushman had no such right as authorized him to bring this proceeding.—

*Creswell v. Green County,* 24 Ala. 282; *Parnell v. Dallas County,* 34 Ala. 278; 4 Ency. P. & P. 162 and 167. The records show a substantial compliance with the statute, and hence, certiorari was not the proper remedy.

MAYFIELD, J.—The circuit court of Blount county quashed and dismissed appellant's certiorari by which he sought to have the circuit court annul and vacate a proceeding in the commissioners' court of Blount county to order an election, and declare the result, to establish a stock law district for Oneonta precinct, in Blount county.

We are unable to agree with counsel for appellant that the proceedings in the commissioner's court, sought to be quashed and vacated by appellant, were void on their face; but, on the contrary, such proceedings appear to us to be unassailable, and certainly so by the common law certiorari, which is never the proper remedy unless the proceedings are absolutely void. We find nothing omitted from the proceedings necessary to validity, nor are there any recitals upon the face of the proceedings which contribute to their own invalidity. The proceedings assailed appear to be in strict compliance with the statute providing for the same. Consequently appellant could not have been injured by the order or judgment of the court in dismissing his certiorari, and the case is affirmed upon the authority of *Wilborn v. DeKalb County,* 155 Ala. 192, 46 South. 585, and *Brazeel v. Blount County,* 155 Ala. 196, 46 South. 584.

Certiorari at common law was an original writ issuing out of Chancery, or the King's Bench, directed in the King's name, to the agents or officers of inferior courts, commanding them to return the record of the cause pending before them, to the end that the party

[Finklea v. Farish.]

may have the more sure and speedy justice before him, or such other justice as he shall assign to determine the cause.—*Dean v. State*, 63 Ala. 153; 2 Macon's Abr. 165.

The judgment of the circuit court is affirmed.

DOWDELL, C. J., and SIMPSON and DENSON, JJ., concur.