(82 South. 550)

POTTS v. COURT OF COMMISSIONERS OF CONECUH COUNTY et al.
(3 Div. 382.)

(Supreme Court of Alabama. June 30, 1919.)

1. COUNTIES ⬤⟸196(7) — TAXPAYER'S SUIT—PLEADING.

In bill to enjoin county commissioners from paying certain warrants, on the ground that the county was indebted in a sum in excess of 3½ per centum of the assessed value of the property therein in violation of Const. 1901, § 224, the date should be averred when the indebtedness evidenced by such warrants was incurred.

2. COUNTIES ⬤⟸196(7)—INJUNCTION TO RESTRAIN PAYMENT OF COUNTY WARRANTS—BURDEN OF PROOF.

In suit to restrain payment of county warrants, complainant had the burden of proving that the indebtedness of the county was in excess of the limitation provided by Const. 1901, § 224; such excess indebtedness having been alleged by complainant and denied by answers of county commissioners.

3. COUNTIES ⬤⟸196(3)—INJUNCTION—DISCRETIONARY ACTS.

Injunction by a taxpayer will not be granted to restrain the exercise of the discretionary power of county commissioners, as to contracts and expenditures looking to the eradication of the "cattle tick" in the county, where no fraud, corruption, or unfair dealing is proved.

4. COUNTIES ⬤⟸196(4)—INJUNCTION BY TAXPAYER—CONDITION PRECEDENT.

Before a taxpayer can resort to injunction to restrain payment of county warrants, he must, except in case of fraud, apply to the county commissioners for annulment of the order of payment.

5. EQUITY ⬤⟸385—EVIDENCE — STATEMENTS BY COUNSEL.

In suit to enjoin the drawing and payment of county warrants as exceeding the debt limit imposed by Const. 1901, § 224, an agreement of counsel as to the assessed value of the property in the county for preceding years was properly shown by the evidence, where during the examination of certain witnesses complainant's attorney stated that his agreement was "an understanding" with one of respondents' counsel that the assessed valuation for such years was certain named sums, and respondents' counsel did not assent to or deny such agreement.

6. COUNTIES ⬤⟸150(3)—COUNTY INDEBTEDNESS—ASSESSED VALUATION.

In suit to enjoin the drawing and payment of county warrants as exceeding debt limit of Const. 1901, § 224, it is the assessed values of county property, and not its actual or cash values, that are material.

7. EQUITY ⬤⟸385—EVIDENCE — FINAL SUBMISSION.

Under rule 75 of Chancery Practice (Code 1896, p. 1218, rule 76), although agreement of counsel as to a material fact was properly shown by the evidence, yet the agreement could

---

⬤⟸For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
[1] 202 Ala. 520.        [2] 200 Ala. 213.        [3] Ante, p. 284.

not be considered as evidence, where the note of testimony made by the register did not show the cause was submitted upon the agreement.

Appeal from Circuit Court, Conecuh County; A. E. Gamble, Judge.

Bill by J. J. Potts against Court of Commissioners of Conecuh County and others. From judgment for defendants, plaintiff appeals. Affirmed.

Hybart, Hare & Ratcliffe, of Monroeville, for appellant.

Hamilton & Page, of Evergreen, for appellees.

THOMAS, J. The instant bill was for injunction against certain county officials and the county depository to restrain the drawing and paying of certain warrants or incurring other indebtedness against the county.

The several assignments of error present a material question for decision, viz. whether or not the county of Conecuh, at the time of the contraction of the indebtedness, evidenced by the warrants issued to Newell Auto & Machinery Company, dated October 15, 1917, or at the date of the filing of the bill, was indebted in a sum in excess of 3½ per centum of the assessed value of the property therein. Constitution 1901, § 224.

[1] All of the warrants catalogued in the bill, except those of Newell Auto & Machinery Company, have been issued and paid by the county depository. It is unnecessary to observe that an injunction will not lie to prevent a consummated act. Such warrants, averred to have been paid without lawful authority, are introduced to show that the constitutional limitation of that county's indebtedness had been reached, and that the county may not contract other indebtedness in tick eradication · and in the payment of Newell Auto & Machinery Company. It is noted of the bill that said machinery company was not a party thereto. Appellee points out that the date when the indebtedness to Newell Auto & Machinery Company was contracted is not averred or proved. It is averred that such indebtedness was evidenced by the county's warrants issued therefor, of date October 15, 1917. The date of the contract of such indebtedness should have been averred. First National Bank of Abbeville v. Terry, Briggs & Co., 83 South. 170.[1]

[2] Of the evidence in support of the averment of the bill of the county's indebtedness as compared to the assessed value of the property within the county, it is important to note that only the answers to the interrogatories propounded under the statute to Judge S. P. Dunn and the first National Bank of Evergreen, the testimony given by Judge Dunn and Mr. J. D. Wright, cashier of said bank, and an agreement of counsel as to such assessed tax values are shown by the record. These answers of respondents and evidence

[1] Post, p. 401.

by Dunn and Wright tend to show that the county is or was not indebted in excess of the constitutional limit. Respondents having denied the material allegations of the bill, the burden of proving such excess indebtedness must be discharged by the complainant. To the question of the discharge of this burden of proof we will again advert.

[3] The bill cannot be sustained as one merely to restrain county officials in the exercise of a discretionary power. With reference to the contracts of the county looking to eradication of the "cattle tick" within said territory, the reasonable or necessary expenditure sought to be made to that end, "without fraud, corruption or unfair dealing" on the part of the court of county commissioners of that county, was the exercise of the discretionary power by such officials. Restraining by injunction the exercise of discretionary power of county officials has been the subject of frequent judicial discussion. The cases in which a suit may be maintained by a taxpayer to enjoin the exercise of such discretionary power are to the effect that this may be done only when fraud, corruption, or unfair dealing on the part of the county officials charged with the duty and responsibility is averred and proved. No such allegations are contained in the present bill. Board of Rev. v. Merrill, 193 Ala. 521, 531, 68 South. 971; Town of Eutaw v. Coleman, 189 Ala. 164, 167, 66 South. 464. The exercise of the sound discretion reposed in boards of revenue or courts of county commissioners as to the "laying out," building or maintaining of public roads, or in the purchase of machinery thought to be necessary to that end, was the subject of discussion in the early case of Hill v. Bridges, 6 Port. 197, 200, and in the recent case of O'Rear v. Sartain et al., 193 Ala. 275, 288, 69 South. 554, Ann. Cas. 1918B, 593. As to the exercise of other discretionary powers by such county boards, see White v. Hewlett, 143 Ala. 374, 379, 42 South. 78; Com. Court of De Kalb Co. v. Wilborn, 155 Ala. 192, 195, 46 South. 585.

[4] The burden of proof being on complainant to make out his case under the abuse of discretionary power (if such were the theory or equity of the bill), in the absence of allegation and proof that complainant had failed to make application to the court of county commissioners for annulment of the order of payment to Newell Auto & Machinery Company or as to the tick eradication, relief would be denied. Of this preliminary procedure by a taxpayer before resorting to injunction, this court said in Board of Rev. v. Merrill, supra:

"Except in cases of fraud, it is the duty of the complaining taxpayer to go before the board of revenue or court of county commissioners and make a proper motion to set aside the void proceeding of that body, and, failing therein, then to apply to this court for the common-law writ

of certiorari to review such void action. White v. Hewlett, supra; Ex parte Boynton, 44 Ala. 261; Commissioners' Court v. Wilborn, 155 Ala. 195, 46 South. 585; Barnett v. State, 15 Ala. 829."

The right of a taxpayer to resort to a court of equity to prevent misappropriation of the county's funds was declared in O'Rear v. Sartain et al., supra, as follows:

"A court of equity, at the suit of a taxpayer, may restrain by injunction the misappropriation of county funds by county officials; but no power exists in a court of equity to compel county commissioners in the exercise of their discretion in the conduct of the county's business. When a court of equity undertakes to review the action of the boards of revenue or courts of county commissioners, a question of jurisdiction is presented; and unless the jurisdictional facts are alleged, and the charge thereon is made of fraud, corruption, or unfair dealing, jurisdiction of the subject-matter is not acquired."

[5, 6] The equity of the bill must rest on the right of taxpayers to prevent misappropriation of county funds in payment of debts contracted when and after the county had reached or exceeded the constitutional limit. As to the payment of debts by the county contracted in its effort to eradicate the cattle tick, or its preparation and expenditures to that end, and, as for that, all other debts against the payment of which injunction is sought, relief cannot be had under the proof. It is insisted in argument of appellant's counsel that the evidence which may be considered by the court below and by this court is only that noted by the register. Chancery Rule 75 and authorities thereon. An examination of the record will disclose that on final submission of this cause, no evidence was before the court of the assessed value of the property in Conecuh county at the time the (challenged) indebtedness was incurred or proposed to be incurred—the contracting and payment of which are sought to be prevented by injunction. In response to this contention of the failure of evidence, appellant's counsel says the statement to the trial court by complainant's attorney of the assessed value of the property in the county, shown by the books of the tax assessor of the county, for the years 1916, 1917, and 1918, is sufficient for such evidential purpose. The books of the tax assessor for these years are not in evidence. This record shows that during the examination of witnesses Dunn and Wright many questions were propounded to which objection was sustained. At this stage of the trial an attorney for complainant stated to the court that his agreement with opposing counsel was "an understanding" with one of counsel for respondents "and we want to show by agreement what the assessed valuation of the county property was for the years 1916, 1917, and 1918 as shown by the tax collector's books. That assessed valuation,

for the year 1916 is $5,098,124.00; for the year 1917, $5,088,677; and for the year 1918, $5,528,560." It was the assessed values that were important and necessary to the inquiry, and not the actual or cash values of said property. Smith v. Austin, 76 South. 404, 405.[2] This statement for complainant's counsel of the agreement with respondent's counsel appears in that part of the transcript wherein is set out the deposition of Judge Dunn. It is not, however, shown as, or to have been a part of, the testimony of witness Dunn or Wright or of other witnesses. The record contains no positive assent of opposing counsel to such agreement, yet the record fails to show that such was not the agreement of counsel. Under such statement of fact in open court as to said agreement of counsel, opposing counsel were called upon (by said statement of the agreement as to the evidence) to assent to or deny that fact. We consider that such agreement of the assessed value of the property of the county for the years 1916, 1917, and 1918 was properly shown by the evidence.

[7] Was final submission had by complainant on this evidence? If not, it cannot be considered as evidence. The note of testimony made by the register should show that the cause was submitted to the court for decree upon said agreement of counsel, if consideration be given thereto as evidence.

The note of testimony contained in the record recites:

"This cause coming on to be heard at this term of the chancery court, the same is submitted for final decree on the following note of testimony: Complainants, being called, offer the following testimony, to wit: First. Original bill of complaint filed May 8, 1918, and answers filed September 17, 1918. Second. Interrogatories propounded to S. P. Dunn, as judge of probate, May 22, 1918, and answers thereto filed September 17, 1918, and October 9, 1918. Interrogatories propounded to First National Bank and answers thereto filed September 17, 1918. Third. Depositions of S. P. Dunn and J. D. Wright. Defendant, being also called, offers the following testimony, to wit: First. Same as noted for complainant."

But this note of testimony did not include the agreement of counsel set out above. The record being silent on the submission of the cause (by either party) on said agreement of counsel as to the assessed value of the property in Conecuh county, such evidential facts contained in said agreement of counsel will not be considered. In passing on what may be considered by the trial court, this court has said of rule 75 of Chancery Practice (Code 1896, p. 1218, rule 76) that on the hearing, after a statement of the case, "the complainant's counsel must then offer his testimony in chief, naming the witnesses, and other testimony, of which the register must take a note, and then that of the defendant must be offered, and noted by the register, to

[2] 200 Ala. 472.

which the complainant, in like manner, must offer his rebutting testimony. Any testimony not offered in this way, and noted by the register on the minutes, must not be considered as any part of the record, nor be considered by the chancellor." This. rule is mandatory, and prohibits the consideration of any testimony not offered and noted as prescribed. Reese v. Barker, 85 Ala. 474, 5 South. 305; Harn v. Council, 100 Ala. 199, 14 South. 9; Turner v. Turner, 193 Ala. 424, 430, 69 South. 503; Carson v. Sleigh, 201 Ala. 373, 78 South. 229, 231; Davidson v. Rice, 201 Ala. 508, 78 South. 862; Carson v. Sleigh, 201 Ala. 86, 77 South. 380, 383; Kelley v. Chandler, 200 Ala. 215, 75 South. 973, 974; Darling v. Hanlon, 197 Ala. 455, 73 South. 20; Tatum v. Yahn et al., 130 Ala. 575, 578, 29 South. 201.

Failing in the proof, the judgment of the circuit court, in equity, is affirmed.

Affirmed.

ANDERSON, C. J., and MAYFIELD and SOMERVILLE, JJ., concur.